## BOYLES v. McCLURE et al. (No. 332–3687.)

(Commission of Appeals of Texas, Section A. Oct. 4, 1922.)

**1. Carriers ⬅➡308—Bus line held not "other line" within provision exempting initial carrier from responsibility for injury on "other lines."**

Under the rule that an agent makes himself liable if he contracts in his own name without disclosing his principal's name, even though the person contracting with him knew at the time that he was acting as agent only, where a carrier sold a through ticket containing a coupon for transfer from its depot to that of a connecting carrier, but such coupon did not designate the bus line to make the transfer, the initial carrier was responsible for injury to the passenger resulting from negligence of the bus line actually making the transfer, such line not being an "other line" within the meaning of a provision of the ticket that the carrier in selling the same for passage over other lines acted only as agent, and was not responsible beyond its own lines, and no disclosure of the principal and consequent termination of the initial carrier's responsibility resulting when the conductor of the carrier pointed out the transferring bus.

**2. Trial ⬅➡352(1)—Refusal to submit special issue as to "the proximate cause" of injury not error.**

In action for injury to passenger in bus when the horses drawing it ran away when left unhitched at a stop, and, as defendant claimed, when automobile backed into them, it was not error to refuse to submit to the jury the issue whether the automobile's backing into the team was "the" proximate cause of the accident, for "proximate cause" does not mean the last cause or next act to the injury, but such act, wanting in ordinary care, as actually aided in producing the injury as a direct and existing cause, and it need not be the sole cause, but must be a concurring cause, such as might reasonably have been contemplated as involving the result under the attending circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proximate Cause.]

**3. Trial ⬅➡350(6)—Issue as to inevitable accident properly refused.**

Where the evidence is sufficient to show that injury is the proximate result of negligence, it is not error to refuse requested issue as to inevitable accident.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Action by Mrs. Mary McClure and husband against Edward S. Boyles, receiver, and others. Judgment for plaintiffs was affirmed in part and reversed in part by the Court of Civil Appeals, 232 S. W. 348, and the named defendant and plaintiffs bring error. Judgment of the Court of Civil Appeals reversed in part, and that of the district court affirmed.

Moody, Boyles, Walker & Scott, of Houston, for plaintiff in error receiver.

Woods, King & John, of Houston, for plaintiffs in error McClure and others.

Wilson & Woodul, of Houston, for defendant in error Hines.

GALLAGHER, J. Mrs. Mary McClure and husband brought this suit in the district court of Harris county against Walker D. Hines, Director General, operating the International & Great Northern Railway, the receiver of said railway, Walker D. Hines, Director General, operating the Texas & New Orleans Railway, and Edward S. Boyles, receiver of the Houston Transfer & Carriage Company, for damages for personal injuries alleged to have been sustained by Mrs. McClure as the result of negligence on the part of the defendants. The plaintiffs dismissed their suit against the receiver of the International & Great Northern Railway, and the court instructed a verdict in favor of said Director General operating the Texas & New Orleans Railway. There was a trial by jury, a verdict on special issues, and judgment thereon in favor of the plaintiffs for the separate use and benefit of Mrs. McClure against both the remaining defendants for the sum of $3,500, the amount of damages assessed by the jury. The case was carried to the Court of Civil Appeals by the defendants, and that court affirmed the judgment of the trial court against Edward S. Boyles, receiver of the Houston Transfer & Carriage Company, and reversed the judgment against the Director General Operating the International & Great Northern Railway, and rendered judgment in his favor. 232 S. W. 348. Mrs. Mary McClure and husband applied for a writ of error. Edward S. Boyles, receiver, also applied for a writ of error. Both applications were granted by the Supreme Court, and the case referred to this section of the Commission of Appeals for examination and report.

[1] Mrs. McClure, on July 27, 1918, at Huntsville, Tex., purchased from the agent of said Director General a railroad ticket providing for through transportation from Huntsville to Beaumont, Tex. Attached to and forming a part of this ticket were three coupons, all in substantially the same form and language, except that in designating the part of the trip covered thereby, the first, or bottom, coupon read, "International & Great Northern Railway, station stamped on back, to Houston;" the second or middle coupon

---

read, "Transfer Houston, Texas, depot I. & G. N. to depot S. P. lines, or to hotel. Not good from hotel;" while the third or top coupon read, "Southern Pacific Lines (in Tex. and Louisiana) Houston to point between punch marks." Each coupon was stamped on the back, "I. & G. N. Ry., July 27, 1918, Huntsville, Texas." Beaumont was the station named between such punch marks.

The ticket in question contained the following contractual provisions:

(1) "In selling this ticket for passage over other lines and in checking baggage on it this company acts only as agent and is not responsible beyond its own lines."

(10) "The use of this ticket is in itself an acceptance of the conditions of this contract."

Mrs. McClure had gone from Huntsville to Beaumont before, and knew that it was necessary to transfer in Houston from the Union Station, at which the International & Great Northern train delivered her, to the Grand Central Station, from which the Texas & New Orleans train left for Beaumont. When the agent at Huntsville sold her this ticket he told her she was entitled to a free ride from station to station. The conductor on the International & Great Northern train tore from her ticket the coupon for passage from Huntsville to Houston. On arrival at the Union Station at Houston he pointed out the bus she was to take, and a man in uniform assisted her from the train onto the bus and tore from her ticket the transfer coupon. She had with her on this trip her three small children, for one of whom she paid half fare, and received a ticket similar to her own. The other two were too small to require tickets.

The bus was drawn by a team of horses. The only person connected therewith on the trip from station to station was a negro driver. She and her children were the only occupants. The driver, on arriving at the Grand Central Station, placed the bus between the street car tracks and the station parallel with the curb, laid the reins down on the seat, and, without fastening or securing the team in any way, went to the back of the bus to open the door. Before he got the door open the team ran away, and after going some distance ran against a building. When they struck the building Mrs. McClure was thrown against some part of the bus and severely injured. The bus in question was being operated at the time by defendant, Boyles, as receiver of the Houston Transfer & Carriage Company in carrying passengers between said stations in the city of Houston. Said company, or its said receiver, had a contract for transferring passengers holding such through tickets from one station to the other. The transfer coupons on such tickets were taken up and honored for passage from station to station, and at the end of each

month they were billed to the receiving line for payment. Each line paid or liquidated the coupons for such passengers as were delivered to it at the rate of 25 cents per coupon.

The jury found in response to issues submitted to them that the driver of said bus was guilty of negligence in leaving the horses unfastened and unsecured, that such negligence was a proximate cause of the injuries suffered by Mrs. McClure, and that she was damaged in the sum aforesaid. No other issues were submitted.

The Court of Civil Appeals held that the provisions of the ticket that the Director General in selling the same for passage over other lines acted only as agent, and was not responsible beyond the issuing line, exempted him from liability on the ground that the transfer company operated by said receiver was an "other line" within the meaning of such provision. This holding is assigned as error in the application of Mrs. McClure and husband.

The ticket sold to Mrs. McClure plainly provided for transportation from "I. & G. N. depot to depot S. P. lines, or hotel." The obligation therein assumed was to effect such transfer. The manner of transportation and the agency to be employed in effecting the same were not disclosed. So far as any provision of the ticket is concerned, both were wholly optional with the carrier. The only explanation made at the time of selling the ticket was that a free ride would be furnished from station to station. Such obligation could have been met by tender of transportation in any reasonably suitable vehicle, whether the same was owned and operated by the carriers, or either of them, by any transfer company or any individual. Notwithstanding the Director General had, at the time the ticket was issued, a contract with said receiver to transfer such passengers from depot to depot, he could have discharged such receiver and employed some other person to perform this service for Mrs. McClure before she arrived in Houston, and she would not have had any ground for complaint because she had not contracted for transportation by such receiver or by any other particular person or agency. She would not have known that a change or substitution had been made. The ticket was primarily the contract of the Director General operating the International & Great Northern Railway. It devolved on him under such contract to provide for her transportation. It is true he purported to act only as agent in contracting for transportation beyond the International & Great Northern line, but the rule is well settled in this state that an agent makes himself liable if he contracts in his own name without disclosing the name of his principal, although the person contracting with him knew at the

time that he was acting as agent only. Hunter v. Adoue et al., 38 Tex. Civ. App. 542, 86 S. W. 622 (writ refused); Brackenridge v. Claridge et al., 91 Tex. 527, 533, 44 S. W. 819, 43 L. R. A. 593; 21 R. C. L. p. 896, § 71.

It is contended that the principal was disclosed and the responsibility as Director General terminated when the conductor of the International & Great Northern train pointed out to Mrs. McClure the bus to take for the trip from depot to depot, and the case of Brackenridge v. Claridge, supra, is relied on as authority for such contention. In that case an offer was made by an agent without disclosing the fact that he was acting as such. No rights accrued under such offer. Subsequently a written contract was made by the agent in the name of the principal. The Supreme Court in that case said that where, before any liability accrued, the agency was disclosed and a contract with the principal entered into, the agent could not be held liable on such contract for the default of his principal. The contract on which the plaintiffs rely was made by the purchase and acceptance of the ticket at Huntsville. The name of Boyles as receiver of the transfer company should have then been disclosed as the principal in the contract of transportation from depot to depot, if such fact was relied on to exempt the Director General from liability for and during such transportation. But even if the disclosure of the receiver as principal in such contract and acceptance of him by Mrs. McClure as such at the depot in Houston were sufficient to absolve the Director General from further responsibility, we do not think that the evidence is sufficient to sustain such contention. Mrs. McClure testified that the bus was marked "Railroad Bus." While this testimony was disputed by witnesses for the defendants, who testified that it was marked "Houston Transfer & Carriage Company," there is no contention that any one informed her that said bus was operated by said receiver as a separate carrier, and that such receiver, though not named in her ticket, was a party to her contract for continuous transportation from Houston to Beaumont. The mere fact that she took the bus pointed out to her by the conductor of the International & Great Northern train, however it was marked, did not discharge the Director General from the obligation assumed in issuing such ticket. As between him and Mrs. McClure the receiver operating the bus was merely his agent or employé. He remained responsible in damages for any injury received by Mrs. McClure as the proximate result of negligence on the part of the driver of said bus. The Court of Civil Appeals erred in the holding complained of in this assignment. Harmon v. Barker, 247 Fed. 1, 159 C. C. A. 219, L. R. A. 1918F, 428, and note 433; President,

etc., Bank of Ky. v. Adams Express Co., 93 U. S. 174, 23 L. Ed. 872; Gray v. Colorado Southern Ry. Co. (Tex. Civ. App.) 204 S. W. 347.

[2] The receiver of the transfer company requested the court to submit to the jury the following special issue:

"Was the backing of an automobile against one of the horses attached to the transfer omnibus of said Boyles, receiver, the proximate cause of plaintiff's alleged injuries?"

The refusal of the court to submit this issue is presented as error in the application of the receiver.

There was testimony that after the driver of the bus left his seat and started to open the door at the rear, an automobile was backed against one of the horses attached to the bus, and that they immediately ran away. There was testimony that the horses were gentle, that they had been in that particular service for years, and that they were habitually left unhitched, and had never run away before. There was also testimony that a double street car track occupied the center of said street, and that automobiles, trucks, and all kinds of traffic passed to and fro thereon.

The receiver contends that this testimony raised an issue as to whether leaving the horses unhitched, or the backing of the automobile against one of them, was the proximate cause of their running away and of the resulting injuries to the plaintiff.

This contention ignores the doctrine that there may be two or more independent concurring proximate causes of an accident. It assumes that if two acts contributed to cause the horses to run away one of them must necessarily be the (or sole) proximate cause, and the other not a concurring proximate cause at all, but only a remote cause. "Proximate cause" does not mean the last cause or next act to the injury, but such act wanting in ordinary care as actually aided in producing the injury as a direct and existing cause. It need not be the sole cause, but it must be a concurring cause such as might reasonably have been contemplated as involving the result under the attending circumstances. Gonzales v. Galveston, 84 Tex. 3, 7, 19 S. W. 284, 31 Am. St. Rep. 17.

A similar issue was involved in the case of Railway v. McWhirter, 77 Tex. 356, 360, 14 S. W. 26, 19 Am. St. Rep. 755. In that case the railway company negligently permitted a turntable to remain unfastened and unguarded. The injured party, a child of tender years, tried to climb upon the turntable, when some of the other children playing there gave it a push, catching his leg between the turntable and the ties and mashing it. The railway company claimed that it was not liable if the party pushing the turntable was of sufficient age and intelligence

to know the danger of revolving the same, and to be responsible for his acts, and that in such case the negligence of the party pushing the turntable, and not its negligence in leaving it unfastened and unguarded, was the real cause of the injury. The Supreme Court, in passing upon such contention said:

"Under the evidence and finding of the jury it must be conceded that the negligence of appellant contributed to the injury, and·if it be conceded that the person who put the turntable in motion was sui juris this would not relieve the appellant from liability though another party might also be liable.

"If an accident occurs from two causes, both due to negligence of different persons, but together the efficient cause, then all the persons whose acts contribute to the accident are liable for an injury resulting, and the negligence of one furnishes no excuse for the negligence of the other [citing numerous authorities]."

In the case of Railway v. Mussette, 86 Tex. 718–720, 26 S. W. 1075, 24 L. R. A. 642, an engineer negligently left his engine, and while he was gone the fireman, who knew nothing of the working or mechanism of the engine, in some way put it in motion, resulting in an injury to one of the employés of the company. The court held that it was a question for the jury whether the negligence of the engineer was the proximate cause of the injury resulting from the starting of the engine. We quote from the opinion in that case as follows:

"The act of a third person intervening and contributing a condition necessary to the injurious effect of the original negligence will not excuse the first wrongdoer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not on the number of subsequent events and agencies which might arise. Whether in any given case the act charged was negligent, and whether the injury suffered was, within the relation of cause and effect, legally attributable to it, are questions for the jury. Lane v. Atlantic Works, 111 Mass. 139; Gonzales v. City of Galveston, 84 Tex. 3; Jones v. George, 61 Tex. 346; Railway v. McKinsey, 78 Tex. 298; Weick v. Lander, 75 Ill. 93. * * * Whether it ought to have been foreseen that an ignorant fireman might intentionally or inadvertently put it in motion, when under steam and situated as was it, if he left the post assigned to him by his employer, was a question for the jury."

In the case of Shippers' Compress & Ware House Co. v. Davidson, 35 Tex. Civ. App. 558, 80 S. W. 1032, 1033, 1035 (writ refused), the same rule was applied, and numerous authorities cited and quoted. In each of the cases above cited the original negligence was held to be such a proximate cause of the accident as to render the party responsible therefor liable in damages for the injuries resulting therefrom, notwithstanding the original negligence alone would not have caused such accident without the intervention of the subsequent independent act of a third person, which contributed a condition necessary to give the original negligence an injurious effect.

A new and independent cause disconnected from the original cause operating in itself may intervene to produce a certain result and break the chain of sequence and become in itself the direct and proximate cause of an injury The rule on this subject is expressed in Shippers' Compress & Warehouse Co. v. Davidson, 35 Tex. Civ. App. 558, 80 S. W. 1032, 1033 (writ refused), as follows:

"Intervening agencies sometimes interrupt the current of responsible connection between negligent acts and injuries, but, as a rule, these agencies, in order to accomplish such result, must entirely supersede the original culpable act, and be in themselves responsible for the injury, and must be of such a character that they could not have been foreseen or anticipated by the wrongdoer. If it required both agencies to produce the result, or if both contributed thereto as concurrent forces, the presence and assistance of one will not exculpate the other, because it would still be the efficient cause of the injury."

The evidence in this case does not invoke the application of this rule. The jury found from the evidence that the driver of the bus was negligent in leaving the team unhitched. No complaint is made of this finding. The jury, with the definition of "proximate cause," prepared and requested by the receiver before them, found that such negligence was a proximate cause of plaintiff's injury. The backing of the automobile against one of the horses, thereby causing them to run away, did not entirely supersede the prior negligence of the driver and become in itself responsible for the injury to the plaintiff, and the sole proximate cause thereof. It was merely the independent act of a third person which contributed a condition necessary to give the original negligence in leaving the team unhitched, injurious effect. The court did not err in refusing to submit the requested issue, and this assignment is overruled.

[3] The receiver assigns as error the refusal of the court to submit to the jury the following special issue requested by him, to wit:

"Was the injury to the plaintiff the result of an inevitable accident?"

The receiver contends that this issue was raised by the evidence quoted above in discussing the issue of proximate cause, and that he was entitled to have it submitted to the jury separate and distinct from other issues. Inevitable accident is defined in 1 Shear. & R. Neg. (6th Ed.) §§ 16, 18, as follows:

"An accident is inevitable if the person by whom it occurs neither has nor is legally bound to have sufficient power to avoid it or prevent its injuring another. * * * But in order to prove that an accident was inevitable it is not always enough to show that, under the circumstances existing at the time, it could not have been then avoided. It must also be the fact that the defendant was not guilty of any negligence which brought about any of those circumstances."

The proper application of the term is explained in 20 R. C. L. p. 20, as follows:

"If the injury resulting from the act could have been foreseen by a prudent person, the perpetrator will be held accountable therefor; the case is not one of accident. And conversely, if the injury could not have been foreseen, it is to be attributed, not to the actor, but to accident. Accident, then, is an occurrence that could not have been foreseen."

The jury found in response to appropriate issues submitted to them that the driver of the bus was negligent in leaving the horses unhitched, and that such negligence was the proximate cause of plaintiff's injury. There is evidence to support these findings. When an injury is the proximate result of negligence, the accident which caused it cannot be classed as inevitable. The fact that the horses in question were gentle; that they had been in that particular service for years; that they had been habitually left unhitched, and had never before ran away, cannot excuse or palliate the injury which finally resulted from such negligent manner of handling them. Waters-Pierce Oil Co. v. Snell, 47 Tex. Civ. App. 413, 106 S. W. 170, 173, 174 (writ refused).

In this case there is no controversy with reference to the facts. The issues of negligence and proximate cause submitted to the jury, and found by them against the receiver, exclude the only theory of inevitable accident which could be urged under such facts. We do not wish to be understood to say that a finding of negligence, and that the injury complained of was the proximate result thereof under a given state of facts, always excludes the theory of inevitable accident and renders it unnecessary to submit the same to the jury as an issue in the case. It sometimes happens that an accident is attributable, under some of the evidence, to a certain combination of circumstances, but under other evidence in the case to some unknown or unexplained cause. It is said that—

"When an event takes place the real cause of which cannot be traced or is, at least, not apparent, it ordinarily belongs to that class of occurrences which are designated as purely accidental." 20 R. C. L. p. 19.

This situation is illustrated in the case of Colorado & S. Railway Co. v. Rowe (Tex. Com. App.) 238 S. W. 908, in which the opinion was written by Judge Hamilton of Section B of this Commission. In that case there was evidence tending to show that one of the cars in the train on which the deceased was serving as a brakeman at the time was defective, and that because of such defect one of the bottom doors thereof dropped open and dumped a large amount of coal on the track, and that the same caused the deceased to fall from the train onto the track, which fall resulted in his death. There was also evidence tending to show that the train had traveled more than a mile after the dumping of the coal before the deceased fell, and that his fall was not caused by the dumping of coal, but was the result of some other cause unknown and unexplained. The jury in that case found that the railway was negligent in furnishing the defective car, and that such negligence was the proximate cause of the fall and death of the deceased. It was held by Section B in its opinion in that case that the submission of the issue of negligence and proximate cause with reference to the defective car and the dumping of the coal therefrom and affirmative findings thereon did not exclude the theory that the accident resulted from some other cause, and that the railway was entitled to an affirmative submission of the issue of inevitable accident based on the testimony tending to show that the fall of the deceased resulted from some unknown and unexplained cause. The court did not err under the facts in this case in refusing to submit the issue of inevitable accident, and this assignment is overruled.

We have considered all the other assignments of error presented in the application of the receiver, and are of the opinion that the issues thereby presented were correctly decided by the Court of Civil Appeals. We have also examined the other assignments presented to the Court of Civil Appeals by the Director General in his brief in that court, and are of the opinion that none of them justify the judgment of the Court of Civil Appeals reversing the judgment against him and rendering judgment in his favor.

We, therefore, recommend that the judgment of the Court of Civil Appeals in so far as it affirms the judgment of the trial court in favor of plaintiffs against Edward S. Boyles, receiver of the Houston Transfer & Carriage Company, be affirmed, and that the judgment of said court, in so far as it reverses the judgment of the trial court in favor of plaintiffs against the Director General operating the International & Great Northern Railway, and renders judgment in his favor, be reversed, and that the judgment of the trial court in favor of plaintiffs and against the Director General be affirmed. We further recommend that the plaintiffs,

Mrs. Mary McClure and husband, recover of the defendants their costs in all the courts.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed in part, and that of the district court affirmed, as recommended by the Commission of Appeals.