Adren Savitch and Jackie Holland V. Southwestern Bell Yellow Pages, Inc.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-257-CV

ADREN SAVITCH AND APPELLANTS

JACKIE HOLLAND

V.

SOUTHWESTERN BELL APPELLEE

YELLOW PAGES, INC.

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

This is an appeal from a judgment for damages in favor of Appellee, Southwestern Bell Yellow Pages, Inc. (SWBYP).  Appellee sued Appellant Adren Savitch on a series of advertising contracts and sued Appellant Jackie Holland on an unpaid promissory note related to the same contracts.  After a bench trial, the trial court entered judgment against Savitch and Holland, joint and severally, in the amount of $295,735.61 plus interest and attorney’s fees.  In three issues, Appellants contend that the trial court erred in finding them personally liable.  We affirm in part, and reverse and render in part.

Background Facts 

In April 1999, SSH, Inc. was incorporated in Texas and its principal office was located at 2071 East Division Street, Arlington, Texas.  On June 29, 1999, SSH, Inc. filed an assumed named certificate indicating that it was doing business as AAA Auto Glass Company.  Savitch has served as president of SSH, Inc. since its incorporation.  In April 1999, Savitch submitted a credit application to SWBYP for advertising in the yellow page directory.  Thereafter, a series of contracts were executed for advertising purposes.  The billing name listed on the contracts was AAA Auto Glass Company.  Savitch signed his name listing his title as “President” on the contracts.  Savitch asserts that he is not individually liable on the contracts because he executed them as an agent for SSH, Inc.  The contracts were not paid in full and SWBYP brought suit against Savitch.

Sometime in April 2002, Holland, in her capacity as secretary/treasurer of SSH, Inc., began negotiating with SWBYP concerning the outstanding balances on the advertising contracts.  Initially, SWBYP drafted a promissory note for full payment and satisfaction of the outstanding balances listing “Jackie Holland” individually as the maker of the note.  Holland testified that she told the SWBYP representative that AAA Auto Glass Company was a corporate-owned office and that she would not sign the note as a personal guarantee.  The promissory note was revised to reflect that AAA Auto Glass Company was the maker of the note.  Thereafter, Holland signed the note indicating that she was signing as secretary and treasurer of AAA Auto Glass Company. 

When SSH, Inc. d/b/a AAA Auto Glass Company defaulted on the promissory note payment, SWBYP filed suit against three of the corporate officers but did not sue SSH, Inc.
(footnote: 2)
 The trial court rendered judgment joint and severally against Savitch and Holland but denied recovery against the third corporate officer.  This appeal followed.

Advertising Contracts

In issue one, Savitch claims that the evidence was “insufficient” to support the trial court’s finding that he was personally liable on the contracts in question because he failed to adequately disclose that he was signing the contracts in his capacity as president of a Texas corporation using an assumed name.
(footnote: 3)
 When the trial court acts as fact-finder, we review its findings under factual sufficiency standards.  
Anderson v. City of Seven Points
, 806 S.W.2d 791, 794 (Tex. 1991).  We review fact findings for sufficiency under the same standards that are applied in reviewing evidence supporting a jury's answer.  
Catalina v. Blasdel
, 881 S.W.2d 295, 297 (Tex. 1994).  When reviewing a challenge to the factual sufficiency of the evidence, we must consider, weigh, and examine all of the evidence in the record.  
Plas-Tex, Inc. v. U.S. Steel Corp.
, 772 S.W.2d 442, 445 (Tex. 1989).  We set aside the finding only if it is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust.  
Ortiz v. Jones
, 917 S.W.2d 770, 772 (Tex. 1996).

The law is well settled.  Unless the parties have agreed otherwise, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract.  
A to Z Rental Ctr. v. Burris
, 714 S.W.2d 433, 435 (Tex. App.—Austin 1986, writ ref'd n.r.e.); 
see also Burch v. Hancock
, 56 S.W.3d 257, 261 (Tex. App.—Tyler 2001, no pet.).  If, however, the principal remains undisclosed, or if it is known that a person is acting as an agent but the principal's identity is not disclosed, the agent is a party to the contract.  
Restatement (Second) of Agency
 §§ 321, 322 (1957); 
Burris
, 714 S.W.2d at 435;
 see Boyles v. McClure
, 243 S.W. 1080, 1081-82 (Tex. Comm’n App. 1922, judgm't adopted).

For an agent to avoid personal liability, he must disclose to the contracting party his intent to sign as a representative as well as the identity of his principal; the party with whom the agent deals has no duty to discover the principal.  
Burris
, 714 S.W.2d at 435; 
Mahoney v. Pitman
, 43 S.W.2d 143, 146 (Tex. Civ. App.—Amarillo 1931, writ ref'd).  An agent has the duty to disclose the name of his principal, not just the principal’s assumed or trade name. 
 Burch
, 56 S.W.3d at 262-63; 
Burris
, 714 S.W.2d at 437.

Uncommunicated intent will not suffice.  
Seale v. Nichols
, 505 S.W.2d 251, 255 (Tex. 1974).  The inference that the agent is a party to the contract exists until the agent gives such complete information concerning the principal's identity that the principal can be readily distinguished; if the other party has no reasonable means of ascertaining the principal, the inference prevails unless the parties have agreed otherwise.  
Burris
, 714 S.W.2d at 435.  Disclosure of an agency, then, is incomplete to relieve an agent from liability unless it also includes the identity of the principal.  
Id.

The burden does not fall on the party dealing with the agent to discover the existence of the relationship merely because he had a means of discovering the agent's representative capacity.  
Id.
; 
Anderson
 
v. Smith
, 398 S.W.2d 635, 637-38 (Tex. Civ. App. 1966).  Actual knowledge of the existence and identity of the principal is the test; the contracting party's suspicion is not sufficient.  
Southwestern Bell Media, Inc. v. Trepper
, 784 S.W.2d 68, 71 (Tex. App.—Dallas 1989, no writ); Burris, 714 S.W.2d at 435; 
see also Johnson v. Armstrong
, 83 Tex. 325, 18 S.W. 594, 595 (Tex. 1892); 
Carter v. Walton
, 469 S.W.2d 462, 471 (Tex. Civ. App.—Corpus Christi 1971, writ ref'd n.r.e.).  In determining whether sufficient disclosure of an agency relationship was made, we look to the time that the parties entered into the contract.  
Posey v. Broughton Farm Co.
, 997 S.W.2d 829, 832 (Tex. App.—Eastland 1999, pet. denied); 
Lacquement v. Handy
, 876 S.W.2d 932, 940 (Tex. App.—Fort Worth 1994, no writ).  Knowledge acquired after a cause of action has accrued cannot affect the right to recover from the agent personally on a contract.  
See Dodson v. Peck
, 75 S.W.2d 461, 463 (Tex. Civ. App.—Amarillo 1934, writ dism'd w.o.j.).

This issue turns on the findings of fact by the trial court.  The issue of disclosure is a question of fact.  
Lacquement
, 876 S.W.2d at 939.  Where conflicting evidence is presented concerning disclosure, the issue must be resolved by the trier of fact.  
Id.
  We are not authorized to substitute our assessment of the evidence for that of the trial court.  
Southern States Transp., Inc. v. State
, 774 S.W.2d 639, 640 (Tex. 1989).  If the trial court's findings are supported by probative evidence, then we may not disregard them as a matter of law.  
Id.

Here, it was for the trial court to resolve whether Savitch disclosed that there was an agency relationship between him and SSH, Inc. and that he was signing the contracts with SWBYP merely in his representative capacity.  This court is not a fact-finder and may not pass on the credibility of the witnesses or substitute its judgment for that of the trier of fact, even if a different conclusion could be reached on the evidence.  
See Herbert v. Herbert
, 754 S.W.2d 141, 144 (Tex. 1988).  We have reviewed the record and conclude that there is evidence in the record to support each of the findings of fact.  Specifically, the evidence in the record supports the trial court’s finding that Savitch was personally liable on the contracts because he failed to adequately disclose and identify the principal for which he now claims he was acting in executing the contracts.  We must uphold the trial court’s judgment if it is correct on any theory of law applicable to the case.  
Worford v. Stamper
, 801 S.W.2d 108, 109 (Tex. 1990); 
Point Lookout W., Inc. v. Whorton
, 742 S.W.2d 277, 278 (Tex. 1987).  Because there was evidence to support the trial court’s finding that the agency relationship between Savitch and SSH, Inc. d/b/a AAA Auto Glass Company was undisclosed and that Savitch signed the contracts with SWBYP in his individual capacity, we hold that the evidence is factually sufficient to support the trial court’s findings.  We overrule issue one.

Novation

In issue two, Savitch claims that he established a defense of novation by proof that another officer of the corporation signed a promissory note to pay, settle, and take the place of the accounts arising from the advertising contracts signed by Savitch.

The party urging novation as a defense bears the burden of proof.  
Honeycutt v. Billingsley
, 992 S.W.2d 570, 576-77 (Tex. App.—Houston [1st Dist.] 1999, pet. denied) (op. on reh’g).  Novation is the creation of a new obligation in the place of an old one, by which the parties agree that a new obligor will be substituted to perform the duties agreed upon by the old contract, while the original obligor is released from performing those duties. 
 Id
. (defining "novation" as substitution of new agreement between same parties or substitution of a new party to same agreement).  The essential elements of novation are: (1) the validity of the previous obligation; (2) an agreement among all parties to accept a new contract; (3) the extinguishment of the previous obligation; and (4) the validity of the new agreement.  
Vickery v. Vickery
, 999 S.W.2d 342, 356 (Tex. 1999); 
Fulcrum Central v. AutoTester, Inc
., 102 S.W.3d 274, 277 (Tex. App.—Dallas 2003, no pet.). 

A novation occurs if a contract evidences an intention to relinquish and extinguish pre-existing claims and rights of action; in lieu of the old obligation, a party accepts the promise of performance of the new obligation instead of the performance itself.  
Priem v. Shires
, 697 S.W.2d 860, 863 n.3 (Tex. App.—Austin 1985, no writ).  A court may infer that a new agreement is a novation of an earlier agreement when the new agreement is so inconsistent with the earlier agreement that the two agreements cannot subsist together.  
Fulcrum Central
, 102 S.W.3d at 277; 
Scalise v. McCallum
, 700 S.W.2d 682, 684 (Tex. App.—Dallas 1985, writ ref’d n.r.e.).

Where there are no inconsistent provisions, “a second contract will operate as a novation of a first contract only when the parties to both contracts intend and agree that the obligations of the second shall be substituted for, and operate as a discharge of the obligations of the first.”  
Fulcrum Central
, 102 S.W.3d at 277.  A new agreement can establish a novation as a matter of law when the state of the evidence is such that reasonable minds cannot differ as to its effect.  
Citi Priesmeyer, Inc. v. K & O
, 164 S.W.3d 675, 681 (Tex. App.—Austin 2005, no pet.).  Whether a later agreement works a novation of an earlier agreement is a question of intent.  
Fulcrum Central
, 102 S.W.3d at 277-78.  It must clearly appear that the parties intended a novation, and novation is never presumed.  
Id
. at 278. 

Savitch contends that the promissory note executed by Holland constituted satisfaction of the liability of AAA Auto Glass Company on the advertising contracts and extinguished those accounts.  The language of the promissory note is as follows:

The Payee by accepting payments from Maker on this promissory note, agrees that the execution and full payment of this promissory note constitutes full payment and satisfaction of the following account:

AAA Auto Glass Company

SBC Southwestern Bell Yellow Pages, Inc.

Account # 500558570-000/002/501/502/503

Here, the promissory note does not extinguish all obligations of the previous contracts signed by Savitch, but instead states that full payment of the promissory note constitutes full payment and satisfaction of the advertising contracts.  The record supports the conclusion that the underlying obligations of the advertising contracts would be extinguished only upon full payment of the promissory note.  However, the promissory note was not paid and $295, 735.61 remains due and owing on the note with respect to the eleven advertising contracts.  Because there is no express language of novation and no inconsistent provision in the promissory note, we hold that Savitch has not met his burden.  The evidence and testimony presented at trial provide ample support for the trial court’s findings that the promissory note was not a novation and did not excuse Savitch’s performance under the original contracts.  We overrule issue two.

Promissory Note

In issue three, Holland contends that there is no evidence or insufficient evidence to support the trial court’s finding that Holland was personally liable on the promissory note.  She argues that she signed the note in her capacity as an officer of SSH, Inc. and that the form of her signature shows unambiguously that she signed as a representative of SSH, Inc.  Furthermore, Holland argues that the parties to the note did not intend for her to be personally liable.  SWBYP asserts that under contract principles Holland had a legal obligation to identify her principal, SSH, Inc.  SWBYP also contends that Holland is personally liable on the promissory note because the note indicated the name of AAA Auto Glass Company and did not identify SSH, Inc. as the represented entity. 

Section 3.402(b) of the business and commerce code is the controlling statute.  
Tex. Bus. & Com. Code Ann
. § 3.402(b) (Vernon 2002).  It provides as follows:

(b) If a representative signs the name of the representative to an instrument and the signature is an authorized signature of the represented person, the following rules apply:

(1) If the form of the signature shows unambiguously that the signature is made on behalf of the represented person who is identified in the instrument, the representative is not liable on the instrument.

(2) Subject to Subsection (c), the representative is liable on the instrument to a holder in due course that took the instrument without notice that the representative was not intended to be liable on the instrument if (i) the form of the signature does not show unambiguously that the signature is made in a representative capacity, or (ii) the represented person is not identified in the instrument.  
With respect to any other person, the representative is liable on the instrument unless the representative proves that the original parties did not intend the representative to be liable on the instrument. 
 

Tex. Bus. & Com. Code Ann
. § 3.402(b)(1), (2) (emphasis added). 

Holland asserts that under section 3.402(b)(1) her signature unambiguously shows that she signed on behalf of SSH, Inc.  Additionally, she argues, as evidenced by the record, that neither party ever intended for her to be liable on the note in her individual capacity, but rather her signature was only in a representative capacity.  Holland claims that the form of her signature on the promissory note and the fact that SWBYP revised the promissory note to indicate that AAA Auto Glass Company and not Holland was the maker of the note demonstrate that she did not sign the note in her individual capacity. 

The note lists the “Maker” as AAA Auto Glass Company.  Holland’s signature appears below the typewritten body of the note as follows:

MAKER:

/s/ AAA Auto Glass

/s/ Jackie Holland Secretary & Treasurer

AAA Auto Glass Company

In this case, the trial court made the following findings of fact:

On or about June 28, 2002, Jackie Holland executed a Promissory Note in favor of Bell in the principal amount of $417,089.25 (“Note”).

After allowing all due payments, offsets, and credits, the sum of $295,735.61 is due and owing by Jackie Holland on the Note.

At no relevant time did Savitch, Holland, or any other person inform Bell that Savitch and Holland were entering into the contracts as agents for SSH, Inc.

We cannot say that Holland’s signature unambiguously shows that it was made on behalf of SSH, Inc., as required by section 3.402(b)(1).  
See 
Tex. Bus. & Com. Code Ann. 
§ 3.402(b)(1).  Holland’s signature indicated that she was signing on behalf of AAA Auto Glass Company.  The name of SSH, Inc. is not mentioned anywhere in the promissory note.  However, applying section 3.402(b)(2), the record reveals that Holland has met her burden by proving that the original parties to the promissory note did not intend for her to be personally liable on the promissory note.  
See
 
id
. § 3.402(b)(2).  The evidence established that Holland and Pam Morton, a representative from SWBYP, spoke over the telephone regarding the terms and conditions of the promissory note.  Holland refused to sign the first promissory note faxed to her because it indicated that she was the maker of the note.  Holland testified that she told Morton that AAA Auto Glass Company was a corporate-owned office and that she would not sign the note except in her capacity as secretary/treasurer.  Holland testified and the record reflects that further negotiations resulted in Morton faxing another promissory note to Holland.  The new promissory note identified the “Maker” as AAA Auto Glass Company.  Holland signed this new promissory note in her representative capacity.  We hold that Holland has proven as a matter of law that the parties did not intend for Holland to be personally liable on the note.  Accordingly, the trial court erred in entering judgement against Holland.  We sustain issue three.

Conclusion

We reverse that portion of the trial court’s judgment that pertains to Holland, and we render judgment that SWBYP take nothing on their claims against Holland.  We affirm the remainder of the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL A:  CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)

DELIVERED:  August 4, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
SWBYP sued Savitch, Walter Holland, and Jackie Holland d/b/a AAA Auto Glass Company.  The trial court denied recovery against Walter Holland.  However, the trial court’s judgment only addresses the personal individual liability of Savitch and Jackie Holland and does not address AAA Auto Glass Company. 

3:
We construe issue one in Appellant’s brief to be a challenge to the factual sufficiency of the evidence.  
See
 
Tex. R. App. P
. 38.9.