COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-257-CV
 
  
ADREN 
SAVITCH AND                                                         APPELLANTS
JACKIE 
HOLLAND
  
V.
  
SOUTHWESTERN 
BELL                                                             APPELLEE
YELLOW 
PAGES, INC.
 
 
------------
 
FROM 
THE 17TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        This 
is an appeal from a judgment for damages in favor of Appellee, Southwestern Bell 
Yellow Pages, Inc. (SWBYP). Appellee sued Appellant Adren Savitch on a series of 
advertising contracts and sued Appellant Jackie Holland on an unpaid promissory 
note related to the same contracts. After a bench trial, the trial court entered 
judgment against Savitch and Holland, joint and severally, in the amount of 
$295,735.61 plus interest and attorney’s fees.  In three issues, 
Appellants contend that the trial court erred in finding them personally 
liable.  We affirm in part, and reverse and render in part.
Background 
Facts
        In 
April 1999, SSH, Inc. was incorporated in Texas and its principal office was 
located at 2071 East Division Street, Arlington, Texas. On June 29, 1999, SSH, 
Inc. filed an assumed named certificate indicating that it was doing business as 
AAA Auto Glass Company. Savitch has served as president of SSH, Inc. since its 
incorporation. In April 1999, Savitch submitted a credit application to SWBYP 
for advertising in the yellow page directory. Thereafter, a series of contracts 
were executed for advertising purposes. The billing name listed on the contracts 
was AAA Auto Glass Company. Savitch signed his name listing his title as 
“President” on the contracts. Savitch asserts that he is not individually 
liable on the contracts because he executed them as an agent for SSH, Inc. The 
contracts were not paid in full and SWBYP brought suit against Savitch.
        Sometime 
in April 2002, Holland, in her capacity as secretary/treasurer of SSH, Inc., 
began negotiating with SWBYP concerning the outstanding balances on the 
advertising contracts. Initially, SWBYP drafted a promissory note for full 
payment and satisfaction of the outstanding balances listing “Jackie 
Holland” individually as the maker of the note. Holland testified that she 
told the SWBYP representative that AAA Auto Glass Company was a corporate-owned 
office and that she would not sign the note as a personal guarantee. The 
promissory note was revised to reflect that AAA Auto Glass Company was the maker 
of the note. Thereafter, Holland signed the note indicating that she was signing 
as secretary and treasurer of AAA Auto Glass Company.
        When 
SSH, Inc. d/b/a AAA Auto Glass Company defaulted on the promissory note payment, 
SWBYP filed suit against three of the corporate officers but did not sue SSH, 
Inc.[2]
        The 
trial court rendered judgment joint and severally against Savitch and Holland 
but denied recovery against the third corporate officer. This appeal followed.
Advertising 
Contracts
        In 
issue one, Savitch claims that the evidence was “insufficient” to support 
the trial court’s finding that he was personally liable on the contracts in 
question because he failed to adequately disclose that he was signing the 
contracts in his capacity as president of a Texas corporation using an assumed 
name.[3]
        When 
the trial court acts as fact-finder, we review its findings under factual 
sufficiency standards. Anderson v. City of Seven Points, 806 S.W.2d 791, 
794 (Tex. 1991). We review fact findings for sufficiency under the same 
standards that are applied in reviewing evidence supporting a jury's answer. Catalina 
v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). When reviewing a challenge to 
the factual sufficiency of the evidence, we must consider, weigh, and examine 
all of the evidence in the record. Plas-Tex, Inc. v. U.S. Steel Corp., 
772 S.W.2d 442, 445 (Tex. 1989). We set aside the finding only if it is so 
contrary to the great weight and preponderance of the evidence as to be clearly 
wrong and unjust. Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).
        The 
law is well settled. Unless the parties have agreed otherwise, a person making 
or purporting to make a contract with another as agent for a disclosed principal 
does not become a party to the contract. A to Z Rental Ctr. v. Burris, 
714 S.W.2d 433, 435 (Tex. App.—Austin 1986, writ ref'd n.r.e.); see also 
Burch v. Hancock, 56 S.W.3d 257, 261 (Tex. App.—Tyler 2001, no pet.). If, 
however, the principal remains undisclosed, or if it is known that a person is 
acting as an agent but the principal's identity is not disclosed, the agent is a 
party to the contract. Restatement 
(Second) of Agency §§ 321, 322 (1957); Burris, 714 S.W.2d at 
435; see Boyles v. McClure, 243 S.W. 1080, 1081-82 (Tex. Comm’n App. 
1922, judgm't adopted).
        For 
an agent to avoid personal liability, he must disclose to the contracting party 
his intent to sign as a representative as well as the identity of his principal; 
the party with whom the agent deals has no duty to discover the principal. Burris, 
714 S.W.2d at 435; Mahoney v. Pitman, 43 S.W.2d 143, 146 (Tex. Civ. 
App.—Amarillo 1931, writ ref'd). An agent has the duty to disclose the name of 
his principal, not just the principal’s assumed or trade name. Burch, 
56 S.W.3d at 262-63; Burris, 714 S.W.2d at 437.
        Uncommunicated 
intent will not suffice. Seale v. Nichols, 505 S.W.2d 251, 255 (Tex. 
1974). The inference that the agent is a party to the contract exists until the 
agent gives such complete information concerning the principal's identity that 
the principal can be readily distinguished; if the other party has no reasonable 
means of ascertaining the principal, the inference prevails unless the parties 
have agreed otherwise. Burris, 714 S.W.2d at 435. Disclosure of an 
agency, then, is incomplete to relieve an agent from liability unless it also 
includes the identity of the principal. Id.
        The 
burden does not fall on the party dealing with the agent to discover the 
existence of the relationship merely because he had a means of discovering the 
agent's representative capacity. Id.; Anderson v. Smith, 
398 S.W.2d 635, 637-38 (Tex. Civ. App. 1966). Actual knowledge of the existence 
and identity of the principal is the test; the contracting party's suspicion is 
not sufficient. Southwestern Bell Media, Inc. v. Trepper, 784 S.W.2d 68, 
71 (Tex. App.—Dallas 1989, no writ); Burris, 714 S.W.2d at 435; see also 
Johnson v. Armstrong, 83 Tex. 325, 18 S.W. 594, 595 (Tex. 1892); Carter 
v. Walton, 469 S.W.2d 462, 471 (Tex. Civ. App.—Corpus Christi 1971, writ 
ref'd n.r.e.). In determining whether sufficient disclosure of an agency 
relationship was made, we look to the time that the parties entered into the 
contract. Posey v. Broughton Farm Co., 997 S.W.2d 829, 832 (Tex. 
App.—Eastland 1999, pet. denied); Lacquement v. Handy, 876 S.W.2d 932, 
940 (Tex. App.—Fort Worth 1994, no writ). Knowledge acquired after a cause of 
action has accrued cannot affect the right to recover from the agent personally 
on a contract. See Dodson v. Peck, 75 S.W.2d 461, 463 (Tex. Civ. 
App.—Amarillo 1934, writ dism'd w.o.j.).
        This 
issue turns on the findings of fact by the trial court. The issue of disclosure 
is a question of fact. Lacquement, 876 S.W.2d at 939. Where conflicting 
evidence is presented concerning disclosure, the issue must be resolved by the 
trier of fact. Id. We are not authorized to substitute our assessment of 
the evidence for that of the trial court. Southern States Transp., Inc. v. 
State, 774 S.W.2d 639, 640 (Tex. 1989). If the trial court's findings are 
supported by probative evidence, then we may not disregard them as a matter of 
law. Id.
        Here, 
it was for the trial court to resolve whether Savitch disclosed that there was 
an agency relationship between him and SSH, Inc. and that he was signing the 
contracts with SWBYP merely in his representative capacity. This court is not a 
fact-finder and may not pass on the credibility of the witnesses or substitute 
its judgment for that of the trier of fact, even if a different conclusion could 
be reached on the evidence. See Herbert v. Herbert, 754 S.W.2d 141, 144 
(Tex. 1988). We have reviewed the record and conclude that there is evidence in 
the record to support each of the findings of fact. Specifically, the evidence 
in the record supports the trial court’s finding that Savitch was personally 
liable on the contracts because he failed to adequately disclose and identify 
the principal for which he now claims he was acting in executing the contracts. 
We must uphold the trial court’s judgment if it is correct on any theory of 
law applicable to the case. Worford v. Stamper, 801 S.W.2d 108, 109 (Tex. 
1990); Point Lookout W., Inc. v. Whorton, 742 S.W.2d 277, 278 (Tex. 
1987). Because there was evidence to support the trial court’s finding that 
the agency relationship between Savitch and SSH, Inc. d/b/a AAA Auto Glass 
Company was undisclosed and that Savitch signed the contracts with SWBYP in his 
individual capacity, we hold that the evidence is factually sufficient to 
support the trial court’s findings. We overrule issue one.
Novation
        In 
issue two, Savitch claims that he established a defense of novation by proof 
that another officer of the corporation signed a promissory note to pay, settle, 
and take the place of the accounts arising from the advertising contracts signed 
by Savitch.
        The 
party urging novation as a defense bears the burden of proof. Honeycutt v. 
Billingsley, 992 S.W.2d 570, 576-77 (Tex. App.—Houston [1st Dist.] 1999, 
pet. denied) (op. on reh’g). Novation is the creation of a new obligation in 
the place of an old one, by which the parties agree that a new obligor will be 
substituted to perform the duties agreed upon by the old contract, while the 
original obligor is released from performing those duties. Id. (defining 
"novation" as substitution of new agreement between same parties or 
substitution of a new party to same agreement). The essential elements of 
novation are: (1) the validity of the previous obligation; (2) an agreement 
among all parties to accept a new contract; (3) the extinguishment of the 
previous obligation; and (4) the validity of the new agreement. Vickery v. 
Vickery, 999 S.W.2d 342, 356 (Tex. 1999); Fulcrum Central v. AutoTester, 
Inc., 102 S.W.3d 274, 277 (Tex. App.—Dallas 2003, no pet.).
        A 
novation occurs if a contract evidences an intention to relinquish and 
extinguish pre-existing claims and rights of action; in lieu of the old 
obligation, a party accepts the promise of performance of the new obligation 
instead of the performance itself. Priem v. Shires, 697 S.W.2d 860, 863 
n.3 (Tex. App.—Austin 1985, no writ). A court may infer that a new agreement 
is a novation of an earlier agreement when the new agreement is so inconsistent 
with the earlier agreement that the two agreements cannot subsist together. Fulcrum 
Central, 102 S.W.3d at 277; Scalise v. McCallum, 700 S.W.2d 682, 684 
(Tex. App.—Dallas 1985, writ ref’d n.r.e.).
        Where 
there are no inconsistent provisions, “a second contract will operate as a 
novation of a first contract only when the parties to both contracts intend and 
agree that the obligations of the second shall be substituted for, and operate 
as a discharge of the obligations of the first.” Fulcrum Central, 102 
S.W.3d at 277. A new agreement can establish a novation as a matter of law when 
the state of the evidence is such that reasonable minds cannot differ as to its 
effect. Citi Priesmeyer, Inc. v. K & O, 164 S.W.3d 675, 681 (Tex. 
App.—Austin 2005, no pet.). Whether a later agreement works a novation of an 
earlier agreement is a question of intent. Fulcrum Central, 102 S.W.3d at 
277-78. It must clearly appear that the parties intended a novation, and 
novation is never presumed. Id. at 278.
        Savitch 
contends that the promissory note executed by Holland constituted satisfaction 
of the liability of AAA Auto Glass Company on the advertising contracts and 
extinguished those accounts. The language of the promissory note is as follows:
   
The Payee by accepting payments from Maker on this promissory note, agrees that 
the execution and full payment of this promissory note constitutes full payment 
and satisfaction of the following account:
  
AAA 
Auto Glass Company
SBC 
Southwestern Bell Yellow Pages, Inc.
Account 
# 500558570-000/002/501/502/503
 
        Here, 
the promissory note does not extinguish all obligations of the previous 
contracts signed by Savitch, but instead states that full payment of the 
promissory note constitutes full payment and satisfaction of the advertising 
contracts. The record supports the conclusion that the underlying obligations of 
the advertising contracts would be extinguished only upon full payment of the 
promissory note. However, the promissory note was not paid and $295, 735.61 
remains due and owing on the note with respect to the eleven advertising 
contracts. Because there is no express language of novation and no inconsistent 
provision in the promissory note, we hold that Savitch has not met his burden. 
The evidence and testimony presented at trial provide ample support for the 
trial court’s findings that the promissory note was not a novation and did not 
excuse Savitch’s performance under the original contracts. We overrule issue 
two.
Promissory Note
        In 
issue three, Holland contends that there is no evidence or insufficient evidence 
to support the trial court’s finding that Holland was personally liable on the 
promissory note. She argues that she signed the note in her capacity as an 
officer of SSH, Inc. and that the form of her signature shows unambiguously that 
she signed as a representative of SSH, Inc. Furthermore, Holland argues that the 
parties to the note did not intend for her to be personally liable. SWBYP 
asserts that under contract principles Holland had a legal obligation to 
identify her principal, SSH, Inc. SWBYP also contends that Holland is personally 
liable on the promissory note because the note indicated the name of AAA Auto 
Glass Company and did not identify SSH, Inc. as the represented entity.
        Section 
3.402(b) of the business and commerce code is the controlling statute. Tex. Bus. & Com. Code Ann. § 
3.402(b) (Vernon 2002). It provides as follows:
  
(b) If a representative signs the name of the representative to an instrument 
and the signature is an authorized signature of the represented person, the 
following rules apply:
  
                (1)    If 
the form of the signature shows unambiguously that the signature is made on 
behalf of the represented person who is identified in the instrument, the 
representative is not liable on the instrument.
                (2)    Subject 
to Subsection (c), the representative is liable on the instrument to a holder in 
due course that took the instrument without notice that the representative was 
not intended to be liable on the instrument if (i) the form of the signature 
does not show unambiguously that the signature is made in a representative 
capacity, or (ii) the represented person is not identified in the instrument. With 
respect to any other person, the representative is liable on the instrument 
unless the representative proves that the original parties did not intend the 
representative to be liable on the instrument.
 
 
Tex. Bus. & Com. Code Ann. § 
3.402(b)(1), (2) (emphasis added).
  
        Holland 
asserts that under section 3.402(b)(1) her signature unambiguously shows that 
she signed on behalf of SSH, Inc. Additionally, she argues, as evidenced by the 
record, that neither party ever intended for her to be liable on the note in her 
individual capacity, but rather her signature was only in a representative 
capacity. Holland claims that the form of her signature on the promissory note 
and the fact that SWBYP revised the promissory note to indicate that AAA Auto 
Glass Company and not Holland was the maker of the note demonstrate that she did 
not sign the note in her individual capacity.
        The 
note lists the “Maker” as AAA Auto Glass Company. Holland’s signature 
appears below the typewritten body of the note as follows:
  
MAKER:
/s/ 
AAA Auto Glass
/s/ Jackie Holland Secretary & Treasurer
AAA 
Auto Glass Company
 
 
        In 
this case, the trial court made the following findings of fact:
  
•On 
or about June 28, 2002, Jackie Holland executed a Promissory Note in favor of 
Bell in the principal amount of $417,089.25 (“Note”).
•After 
allowing all due payments, offsets, and credits, the sum of $295,735.61 is due 
and owing by Jackie Holland on the Note.
•At 
no relevant time did Savitch, Holland, or any other person inform Bell that 
Savitch and Holland were entering into the contracts as agents for SSH, Inc.
 
 
        We 
cannot say that Holland’s signature unambiguously shows that it was made on 
behalf of SSH, Inc., as required by section 3.402(b)(1). See Tex. Bus. & Com. Code Ann. § 
3.402(b)(1). Holland’s signature indicated that she was signing on behalf of 
AAA Auto Glass Company. The name of SSH, Inc. is not mentioned anywhere in the 
promissory note. However, applying section 3.402(b)(2), the record reveals that 
Holland has met her burden by proving that the original parties to the 
promissory note did not intend for her to be personally liable on the promissory 
note. See id. § 3.402(b)(2). The evidence established that 
Holland and Pam Morton, a representative from SWBYP, spoke over the telephone 
regarding the terms and conditions of the promissory note. Holland refused to 
sign the first promissory note faxed to her because it indicated that she was 
the maker of the note. Holland testified that she told Morton that AAA Auto 
Glass Company was a corporate-owned office and that she would not sign the note 
except in her capacity as secretary/treasurer. Holland testified and the record 
reflects that further negotiations resulted in Morton faxing another promissory 
note to Holland. The new promissory note identified the “Maker” as AAA Auto 
Glass Company. Holland signed this new promissory note in her representative 
capacity. We hold that Holland has proven as a matter of law that the parties 
did not intend for Holland to be personally liable on the note. Accordingly, the 
trial court erred in entering judgement against Holland. We sustain issue three.
Conclusion
        We 
reverse that portion of the trial court’s judgment that pertains to Holland, 
and we render judgment that SWBYP take nothing on their claims against Holland. 
We affirm the remainder of the trial court’s judgment.
  
  
                                                                  DIXON 
W. HOLMAN
                                                                  JUSTICE
   
  
  
PANEL 
A: CAYCE, C.J.; HOLMAN, J.; and SAM J. DAY, J. (Retired, Sitting by Assignment)
 
DELIVERED: 
August 4, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
SWBYP sued Savitch, Walter Holland, and Jackie Holland d/b/a AAA Auto Glass 
Company.  The trial court denied recovery against Walter Holland. However, 
the trial court’s judgment only addresses the personal individual liability of 
Savitch and Jackie Holland and does not address AAA Auto Glass Company.
3. 
We construe issue one in Appellant’s brief to be a challenge to the factual 
sufficiency of the evidence.  See Tex. R. App. P. 38.9.