**A TO Z RENTAL CENTER, Appellant,**

v.

**Lloyd W. BURRIS, Individually and d/b/a B & S Construction, Appellee.**

**No. 14566.**

Court of Appeals of Texas, Austin.

July 16, 1986.

Rehearing Denied Aug. 13, 1986.

Joseph O'Hagan, Phillips, Neal & Woods, P.C., Austin, for appellant.

Kenneth A. Richey, Austin, for appellee.

Before SHANNON, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PER CURIAM.

Appellant, A to Z Rental Center, brought suit on a sworn account against appellee, Lloyd W. Burris, individually and doing business as B & S Construction, to recover $4,443.14 plus attorney's fees for equipment rented and sold to "B & S Construction." After a bench trial, a take-nothing judgment was rendered against appellant.

On December 30, 1983, Burris filed an assumed name certificate in Travis County indicating he was doing business as B & S Construction. Under the "firm name" B & S Construction, Inc., Burris and Steve Inscore applied for credit from Rental on February 25, 1984. On the line of the application form headed "Individual Ownership" appears Burris' name, home address, and telephone number; below that, on the line headed "Partnership," appears Inscore's name, address, and telephone number; and beneath that, on the line headed "Corporation Officer: President," appears Burris' name, then Inscore's name on the line headed "Vice President."

Unable to incorporate as B & S Construction, Inc., that name already having been reserved by a Tarrant County company that eventually incorporated on March 5, 1984, Burris and Inscore incorporated as Burris & Inscore Construction, Inc., on March 2, 1984. From April until July, Rental leased or sold equipment to "B & S Construction" under a series of rental or purchase contracts, five of which Burris personally signed on the line headed "lessee." In September 1984, Burris & Inscore Construction, Inc., filed an assumed name certificate in Travis County indicating the corporation was doing business as B & S Construction, Inc.

Rental complains in two points of error the trial court erred in rendering judgment against it because Burris is personally liable to Rental. Burris argues, however, the trial court did not err because Rental "had actual knowledge from the outset that it was extending credit to a corporation." He points out the credit application with Rental indicated the entity or "firm" requesting credit was "B & S Construction, Inc.,"; he listed himself as "President," a "Corporation Officer," on the application form; and when setting up the account, he told Ronald Powell, Rental's store manager, that he and Inscore "had formed a corporation." Burris also testified he "always operated as a corporation" and all dealings with Rental were as a corporation. Furthermore, two checks from B & S Construction, Inc., made payable to and endorsed by Rental, were admitted in evidence.

Powell, however, testified it was his impression "B & S Construction" was a partnership or an entity owned by Burris. He related that at the time Burris and Inscore opened their account with Rental, they gave him a business card with their names,

No

their telephone numbers, and "B & S Construction" as the name of the company. Moreover, all the rental or sales contracts were in the name of B & S Construction, and all the statements of the account were addressed to B & S Construction. Powell further testified Rental never received any notification it was billing the wrong party; Burris likewise confirmed he never informed Rental that he and Inscore had incorporated as Burris & Inscore Construction, Inc., not as B & S Construction, Inc.

Unless the parties have agreed otherwise, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract. *Anderson v. Smith,* 398 S.W.2d 635 (Tex.Civ.App.1965, no writ); Restatement (Second) of Agency § 320 (1957). If, however, the principal remains undisclosed, or if it is known a person is acting as an agent but the principal's identity is not disclosed, the agent is a party to the contract. Restatement (Second) of Agency §§ 321, 322 (1957). *See Boyles v. McClure,* 243 S.W. 1080, 1081–1082 (Tex. Comm.App.1922, jdgmt adopted). *See also* 2 Williston on Contracts § 285 (3rd ed. 1959).

If an agent would avoid personal liability, he has the duty to disclose not only that he is acting in a representative capacity but also the identity of his principal; the party with whom the agent deals has no duty to discover the principal. *Mahoney v. Pitman,* 43 S.W.2d 143 (Tex.Civ.App.1931, writ ref'd); *Dodds v. Charles Jourdan Boutique, Inc.,* 648 S.W.2d 763 (Tex.App. 1983, no writ); *Carter v. Walton,* 469 S.W.2d 462, 471 (Tex.Civ.App.1971, writ ref'd n.r.e.); *Lachmann v. Houston Chronicle Publishing Company,* 375 S.W.2d 783, 784–785 (Tex.Civ.App.1964, writ ref'd n.r.e.). *See* 2 Williston on Contracts § 288, *supra. See generally* 3 Am. Jur.2d Agency § 327, at 832–833 (1986). The inference that the agent is a party to the contract exists until the agent gives such complete information concerning the principal's identity that the principal can be readily distinguished; if the other party has no reasonable means of ascertaining the principal, the inference prevails unless the parties have agreed otherwise. Restatement (Second) of Agency § 321, Comment a. In other words, disclosure of an agency is incomplete for the purpose of relieving an agent from personal liability unless it includes *the name* of the principal. *See generally* 3 Am.Jur.2d Agency § 327, at 833, *supra.* Furthermore, the use of a tradename is generally an insufficient disclosure of the principal's identity and the fact of agency so as to protect the agent against personal liability. *Id. See Carter v. Walton, supra; Lachmann v. Houston Chronicle Publishing Company, supra.*

An agent cannot claim immunity from personal liability merely because the party with whom the agent dealt had a means of discovering the agent's representative capacity. *Anderson v. Smith, supra;* 2 Williston on Contracts § 288, *supra.* The test of disclosure is the other party's knowledge, or reasonable grounds to know, of the principal's existence or identity, irrespective of the source from which the other party obtains it. 2 Williston on Contracts § 288, at 357, *supra. See also Johnson v. Armstrong,* 83 Tex. 325, 18 S.W. 594, 595 (1892); *Carter v. Walton, supra.* The other party's *actual knowledge* of the principal, not just the other party's suspicion, is the test. 2 Williston on Contracts § 288, at 355–356, *supra.*

Regarding the liability on corporate contracts, officers of corporations are in the same position as agents of private individuals. 2 Williston on Contracts § 281, at 309, *supra.* That is, as is true of agents generally, officers of a corporation are not personally liable on the corporation's contracts if they do not purport to bind themselves individually, they disclose their representative capacity, and *they identify their principal.*

Apparently Burris is arguing that because Burris & Inscore Construction, Inc., is a corporation; because it was doing business as B & S Construction, Inc., and later filed an assumed name certificate in Travis

County evidencing such fact; and because Burris identified his principal on the credit application as B & S Construction, Inc., with himself as a corporate officer, Rental had sufficient knowledge of Burris' representative capacity when he signed the contracts for "B & S Construction." Thus, Burris should not be held personally liable on the contracts as he was merely an agent of a disclosed corporate principal.

This argument, however, fails for several reasons. At the time Burris and Inscore applied for credit with Rental in February 1984, both corporations, B & S Construction, Inc. and Burris & Inscore Construction, Inc., were nonexistent; that is, the articles of incorporation had not been filed and no certificates of incorporation had been issued by the Secretary of State. If Burris had entered into any contracts with Rental before either corporation came into existence, he would have been personally liable under the general rule that one who contracts as an agent in the name of a nonexistent or fictitious principal, or a principal without legal status or existence, renders himself personally liable on those contracts. *Carter v. Walton, supra. See generally* 3 Am.Jur.2d Agency § 306, at 810. Moreover, Burris would have been personally liable under the general principle that members of a pretended corporation, that is, neither a "de jure" nor a "de facto" corporation,[1] are held personally and individually liable for the debts of the pretended corporation, unless the creditor is estopped to attack the corporate existence of the apparent corporation. *See Timberline Equipment Company, Inc. v. Davenport,* 267 Or. 64, 514 P.2d 1109 (1973). *See generally* 13A Fletcher Cyc. Corp. § 6648 (perm. ed.). *See also* Hamilton, 19 Texas Practice: Business Organizations § 331 (1973).

Although Burris entered into the contracts with Rental as agent of lessee "B & S Construction" only after other parties having no connection with Burris or Inscore obtained a certificate of incorporation for B & S Construction, Inc., on March 5, 1984, and only after a certificate of incorporation was secured for Burris & Inscore Construction, Inc., on March 2, 1984, he nevertheless remains personally liable because the evidence shows Rental had *no knowledge* of Burris' true principal, Burris & Inscore Construction, Inc. That is, irrespective of the capacity in which he signed the contracts, Burris neither named his principal as Burris & Inscore Construction, Inc., nor notified Rental that Burris & Inscore Construction, Inc., was doing business as B & S Construction, Inc. He thus failed to disclose sufficient information concerning the identity of his principal to escape personal liability on the contracts.

Assuming, *arguendo,* Rental had a duty to discover the identity of Burris' principal, the record reflects no assumed name certificate was ever filed with the Secretary of State, as required by Tex.Bus. and Com. Code § 36.11 (Supp.1986), indicating Burris & Inscore Construction, Inc. was doing business as B & S Construction, Inc. Nor was a new assumed name certificate filed with the clerk of Travis County within 60 days as required by Tex.Bus. and Com. Code § 36.12 (Supp.1986), indicating Burris & Inscore Construction, Inc., not Burris individually, was doing business as B & S Construction, Inc. Instead, Burris & Inscore Construction, Inc. waited until a few months *after* Burris had entered into the contracts with Rental before it filed a new assumed name certificate in Travis County. Therefore, if Rental had checked the Secretary of State's corporation records, it would have found only B & S Construction, Inc., a Tarrant County corporation having no relation to Burris or Inscore; and if Rental had checked the assumed name certificates on file in Travis County at the time it was entering into contracts with

---

1. Under the Tex.Bus.Corp.Act, "there is little, if any, difference between 'de facto' and 'de jure' corporations" because a "colorable and apparent compliance" with the law generally is a requirement of de facto corporate existence and no steps short of securing a certificate of incorporation constitutes "apparent compliance" in Texas. *See* Comment of Bar Committee—1955, Tex.Bus.Corp.Act.Ann. art. 3.04, at 320 (1980).

Burris, it would have found only that Burris individually was doing business as B & S Construction. Clearly, no records before September 1984 would have indicated Burris' true principal was Burris & Inscore Construction, Inc.

As mentioned above, the duty to disclose the principal's identity lies with the agent; it is not upon the party with whom the agent deals to discover the principal. *Mahoney v. Pitman, supra; Dodds v. Charles Jourdan Boutique, Inc., supra; Carter v. Walton, supra; Lachmann v. Houston Chronicle Publishing Company, supra.* Even if Burris had filed an assumed name certificate with the Secretary of State and had filed a new assumed name certificate with the clerk of Travis County indicating Burris & Inscore Construction, Inc., was doing business as "B & S Construction, Inc.," that would be immaterial to his personal liability because an agent has the duty to disclose *the name* of his principal, not just the principal's assumed or trade name. *See generally* 3 Am.Jur.2d Agency § 327, *supra. See also J & J Builders Supply v. Caffin,* 248 Cal.App.2d 292, 56 Cal.Rptr. 365, 369 (1967). Rental's actual knowledge of Burris & Inscore Construction, Inc. in the transactions, not constructive notice to Rental of the contents of an assumed name certificate, is the test of whether Burris sufficiently disclosed his principal. *See Dodds v. Charles Jourdan Boutique, Inc., supra.* Because Rental had no knowledge of Burris & Inscore Construction, Inc., the unidentified principal in the transactions, we hold Burris is personally liable as a party to the contracts and sustain appellant's points of error.

Because of our disposition of appellant's points of error, we need not decide the remaining two points.

Holding that Burris is personally liable on the contracts he signed with appellant, we reverse the judgment and remand the cause to the trial court for a hearing to determine damages and reasonable attorney's fees consistent with this opinion.