# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00011-CV

Billy Salyers, Individually and d/b/a Aquarius Plumbing, Appellant

v.

Texas Workers' Compensation Insurance Fund, Appellee

FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY
NO. 247643, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

The Texas Workers' Compensation Insurance Fund ("the Fund") sued Billy Salyers to recoup insurance payments owed regarding coverage for Salyers' business, Aquarius Plumbing ("Aquarius"). According to the record, Aquarius had been jointly owned by Salyers and his wife, Sheila Salyers, until they divorced and he took over the business as a portion of his share of the community property. Salyers responded that he was not personally liable for the insurance payments because he had not signed the insurance agreement, and filed a counterclaim under the deceptive trade practices act. *See* Texas Bus. and Com. Code Ann. § 17.46(b)(23) (West Supp. 2003) ("DTPA"). The Fund filed a hybrid summary judgment motion on the DTPA claim and a traditional summary judgment motion regarding the underlying debt and requesting attorney's fees. *See* Tex. R. Civ. P. 166(a)(c),(i). The trial court granted both of the Fund's motions, and Salyers appeals,

arguing that (1) summary judgment was improper on the Fund's claim because there remains a fact issue regarding whether he is obligated under the insurance contract, and (2) partial summary judgment was inappropriate on his counterclaim because the Fund filed suit in Travis County.

## DISCUSSION

The Fund, under a contract signed by Sheila Salyers, provided Aquarius with workers' compensation insurance coverage between September 28, 1994 and September 28, 1996. The Salyerses later divorced, and under their 1998 divorce decree, Billy Salyers acquired all of Aquarius as part of the community property settlement.

The summary judgment evidence reveals that invoice statements addressed to Sheila Salyers, doing business as Aquarius, indicate that the Fund billed Aquarius for the two insurance periods. However, Aquarius never paid its obligations. The Fund sent a demand letter to Sheila Salyers on behalf of Aquarius, and then brought suit against Billy Salyers, individually and doing business as Aquarius, to recoup the debt owed by Aquarius.

### The Fund's Claim

We review the grant of a traditional motion for summary judgment *de novo*. The movant has the burden to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997) (citing *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985)). Salyers claims that there exists an issue of fact as to whether he has a contract with the Fund. Salyers also claims that summary judgment is inappropriate as a matter of law because the Fund's motion for summary

2

judgment did not negate Salyers's affirmative defenses and because the summary judgment does not support the Fund's motion to support the attorney's fees award.

We need not address Salyers's affirmative defenses because they have been waived. Salyers raised the affirmative defenses in his answer to the Fund's petition, but not in his response to the Fund's motion for summary judgment. Merely alleging an affirmative defense does not prevent the trial court from granting summary judgment. *See American Petrofina v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994); *Nichols v. Smith*, 507 S.W.2d 518, 520 (Tex. 1974). If a party opposing summary judgment relies on an affirmative defense, he must come forward with summary judgment evidence sufficient to raise an issue of fact on each element of the defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984). Salyers has presented no such evidence.

Salyers's main complaint appears to be that the summary judgment evidence does not indicate that he personally signed the insurance contract with the Fund. Sheila Salyers signed the agreement on behalf of Aquarius. According to Salyers, the family code prevents him from being liable for an obligation regarding Aquarius entered into under his wife's name. *See* Tex. Fam. Code Ann. § 3.201 (West 1998) (individuals not liable for spouse's contracts unless entered into for the purchase of necessary items). The Fund responds that Salyers would have been liable as a partner in Aquarius regardless of whether he was previously married to Sheila Salyers and that he has accepted any liabilities incurred by Aquarius by agreeing to the divorce decree.

We agree with the Fund. Although Sheila Salyers signed the contract, she did so on behalf of Aquarius. The relevant business records reveal that both of the Salyerses were considered to be "doing business as" Aquarius plumbing. Because they do not enjoy the protection of corporate

3

status, individuals who do business as an unincorporated entity are personally liable for the entity's obligations. *See, e.g.*, *A to Z Rental Ctr. v. Burris*, 714 S.W.2d 433, 436 (Tex. App.—Austin 1986, writ ref'd n.r.e.). Although Salyers contends on appeal that the Fund's summary judgment evidence at most raises a fact issue as to whether he was a co-owner of Aquarius at the time the debt was incurred, he has never before raised that argument. The Fund has consistently argued that Salyers is liable as the owner of Aquarius. Both Salyerses are listed as "owners" of Aquarius in the Employer's Quarterly Reports for the period. More importantly, the Fund's records list both Salyerses as owners of Aquarius. At the very least, the summary judgment evidence shows that both of the Salyerses held themselves out to the Fund as co-owners of Aquarius for purposes of the insurance agreement. *See* Tex. Rev. Civ. Stat. Ann. art. 6132b-2.02 (West Supp. 2003) (a partnership is created by "an association of two or more persons to carry on a business for profit as owners"). While the divorce decree specifically assigned Salyers any remaining liability for vehicles belonging to Aquarius, it did not specifically assign him the remaining business debts. This does not conflict with the other evidence regarding Salyers's ownership interest in Aquarius. Absent conflicting evidence, the summary judgment proof is sufficient to support the Fund's claim that Salyers is liable in that he was "doing business as" Aquarius. Salyers has been sued in that capacity and has never objected thereto.[1] We will not disturb the trial court's determination.[2]

---

[1] A defendant must file a verified pleading to challenge the legal capacity under which he is sued. Tex. R. Civ. P. 93(14). Because Salyers has filed no such pleading, he has waived any complaint regarding being sued in his capacity of "doing business as" Aquarius. *See Nootsie, Ltd. v. Williamson County Appraisal Dist.*, 925 S.W.2d 659, 662 (Tex. 1996).

[2] Salyers's reliance on the family code, furthermore, is misplaced. Section 3.201 of the family code insulates a person from his spouse's obligations unless the spouse acts as the person's agent or incurs a debt for necessaries. Tex. Fam. Code Ann. § 3.201 (West 1998). However, the

Likewise, Salyers's claim regarding attorney's fees rests on the assumption that the Fund's cause of action is against Sheila Salyers, individually, rather than against Billy Salyers. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.002 (West 1997) (to recover attorney's fees, claimant must present claim to opposing party). The summary judgment evidence includes proof that presentment was made to Aquarius by service on Sheila Salyers. Because Salyers is liable for Aquarius's debt, and presentment has properly been made on Aquarius, presentment has properly been made on Billy Salyers, individually, as well. We overrule Salyers's first issue.

**Salyers's Counterclaim**

Salyers's counterclaim assumes that as a matter of law his business relationship with the Fund must have been based on a contract that he personally signed. The DTPA penalizes plaintiffs for filing suit on contractual obligations involving the payment of money "primarily for personal, family, household or agricultural use" in any county other than the defendant's county of residence. Tex. Bus. & Com. Code Ann. § 17.46(b)(23). Accordingly, Salyers claims that the Fund has improperly brought suit against him in Travis County and is subject to DTPA penalties. Based on this theory, Salyers filed a motion to transfer venue and a counterclaim for damages.

---

divorce decree states that Aquarius is community property. Section 3.202 of the family code protects a spouse from liability for debts incurred by the other spouse only in circumstances where the community property is subject to the other spouse's "sole management, control, and disposition." *Id.* § 3.202(b) (West 1998). Salyers did not argue in his response to the motion for summary judgment or in his pleadings that Aquarius was in Sheila Salyers's sole management, control, and disposition. Furthermore, the debt was owed by Aquarius, not by Sheila Salyers alone. Although Salyers never raised the argument, the summary judgment evidence suggests that Aquarius was community property managed jointly by the Salyers. The family code does not insulate Salyers from liability.

5

The Fund responded, arguing that under the traditional summary judgment standard, its summary judgment proof established that the insurance contract was not primarily for personal use.[3] It attached a copy of the agreement. The contract was an agreement to provide workers' compensation insurance to Aquarius, a plumbing business. This is more than sufficient evidence to establish that the contract does not fall within section 17.46's protection. Accordingly, Salyers's second and third issues are overruled.

## CONCLUSION

We affirm the trial court's decision.

_____

Mack Kidd, Justice

Before Chief Justice Law, Justices Kidd and Patterson

Affirmed

Filed:  August 29, 2003

---

[3] Because we rely on the Fund's traditional summary judgment argument, we do not address the aspects of their motion argued under the no-evidence standard. *See* Tex. R. Civ. P. 166(a)(i).

6