NO.
12-06-00001-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JAMES LES
LAKE, INDIVIDUALLY       §                      APPEAL FROM THE 

AND D/B/A EAST TEXAS PROPERTY

MANAGEMENT,

APPELLANT

§                      COUNTY COURT AT LAW #2

V.

 

PREMIER TRANSPORTATION,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


OPINION

            James
Les Lake appeals the trial court’s judgment in favor of Appellee Premier
Transportation.  In four issues, Lake
contends that (1) the trial court erred in ordering that certain jury findings
be disregarded, (2) the jury findings do not support the trial court’s judgment
of individual liability against Lake, (3) Premier’s recovery against East Texas
Property Management, Inc. forecloses a further recovery against Lake, and (4)
Premier cannot recover from Lake based on its quantum meruit claim.  We affirm.

 

Background

            East Texas Property Management, Inc.
(“ETPM”) is a corporation organized and owned by Lake.  Premier Transportation (“Premier”) is a
company that transports mobile homes.  In
2002, ETPM made an agreement with a Georgia company that ETPM would assist in
the repossession of  mobile homes in East
Texas for that company.  

            Melissa Manning, an employee of
ETPM, engaged Premier as a subcontractor to transport mobile homes for ETPM
pursuant to its agreement with the Georgia company.  Manning negotiated the agreement with Premier’s
director of operations, Jeff Davis.   

            During ETPM and Premier’s working
relationship, work orders for repossessions were received at ETPM by Manning,
who forwarded the orders to Premier. 
Eventually, the Georgia company fell behind on its payments to ETPM.  In turn, ETPM withheld payment to
Premier.  Thereafter, a dispute arose
between Premier and ETPM concerning whether ETPM was obligated to pay Premier
even if the Georgia company had failed to pay ETPM.  Ultimately, the working relationship between
ETPM and Premier ended.

            Premier initially filed suit against
Lake individually and d/b/a East Texas Property Management, among others,
seeking recovery under breach of contract and quantum meruit.  Lake answered and specifically denied that he
was liable in the capacity sued and that he conducted business under an assumed
or trade name.  Premier later discovered
that ETPM was incorporated and amended its pleadings accordingly.  Following a trial on the merits, a jury found
that ETPM and Lake were liable to Premier both for breach of contract and
pursuant to its quantum meruit claim. 
Additionally, the jury was also charged as follows:

 

QUESTION NUMBER 9

 

                Did
James Les Lake disclose to Premier Transportation (a) the identity of East
Texas Property Management Service, Inc.; and (b) that James Les Lake was acting
as an agent of East Texas Property Management Service, Inc.? (Answer “Yes”
or “No”) 

 

                                ....

 

QUESTION NUMBER 9A

 

Find what date the disclosure was made and that James
Les Lake was acting as an agent of East Texas Property Management Service, Inc.
 (Answer, if any, month, day[,]
and year)

 

 

The jury
answered “Yes” to Question 9 and answered “On or about 7/11/02" for
Question 9A.

            Subsequently, Premier filed a motion
to disregard the jury’s answer to questions 9 and 9A.  The trial court granted Premier’s motion and
entered judgment for Premier against ETPM and Lake jointly and severally.  This appeal followed.

Order Disregarding Jury Findings

            In his first issue, Lake contends
that the trial court erred in ordering that the jury’s responses to Questions 9
and 9A be disregarded because the findings were properly supported by the
evidence.  A court cannot disregard a
jury finding unless the issue is immaterial or the finding is unsupported by
the evidence.  L & F
Distributors v. Cruz, 941 S.W.2d 274, 279 –80 (Tex. App.–Corpus Christi
1996, writ denied) (citing Spencer v. Eagle Star Ins. Co. of Am.,
876 S.W.2d 154, 157 (Tex. 1994)). 
Whether the findings are supported by the evidence is resolved under the
standard of review for challenges to the legal sufficiency of the
evidence.  McAlpin v. Sanchez,
858 S.W.2d 501, 508 (Tex. App.–Corpus Christi 1993, writ denied); see also Fort
Bend County Drainage Dist. v. Sbrusch, 818 S.W.2d 392, 394 (Tex. 1991)
(court may disregard jury findings if a directed verdict would have been
proper).  Accordingly, we consider only
evidence and inferences supporting the findings and disregard all contrary
evidence and inferences.  Burroughs
Wellcome Co. v. Crye, 907 S.W.2d 497, 499 (Tex. 1995).  In so doing, we must credit favorable evidence
if reasonable jurors could, and disregard contrary evidence unless reasonable
jurors could not.  See City of
Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  

            In the case at hand, Lake must
demonstrate that the record contains more than a scintilla of evidence to
support the jury’s answers to Questions 9 and 9A in order to establish that the
trial court erred by disregarding the jury’s findings.  See Holloway v. Skinner, 898
S.W.2d 793, 796 (Tex. 1995).  There is
more than a scintilla of evidence where the evidence supporting the finding, as
a whole, “rises to a level that would enable reasonable and fair minded people
to differ in their conclusions.”  Crye,
907 S.W.2d at 499.

            With regard to their liability on
corporate contracts, officers of corporations are in the same position as
agents of private individuals.  See Burch
v. Hancock, 56 S.W.3d 257, 261 (Tex. App.–Tyler 2001, no pet.).   In
order for an agent to avoid personal liability on a contract entered into by
the agent on behalf of the principal, the agent must disclose (1) the fact that
the agent is acting in a representative capacity and (2) the identity of the
principal.  Id.  The party with whom the agent deals has no
duty to discover the principal.  Id.  It is properly inferred that the agent is a
party to the contract until the agent gives such complete information
concerning the principal’s identity that the principal can be readily
distinguished.  Id.  If the other party has no reasonable means of
ascertaining the principal, the inference prevails unless the parties have
agreed otherwise.  Id.;
see also Restatement (Second) of
Agency § 321 cmt. a (1958).  In
other words, disclosure of an agency is incomplete for the purpose of relieving
an agent from personal liability unless it included the name of the principal. Burch,
56 S.W.3d at 261; see A to Z Rental Ctr. v. Burris, 714 S.W.2d
433, 435 (Tex. App.–Austin 1986, writ ref’d n.r.e.).  Furthermore, the use of a trade name is
generally an insufficient disclosure of the principal’s identity and the fact
of agency so as to protect the agent against personal liability.  Burch, 56 S.W.3d at 261–62.  An agent cannot claim immunity from personal
liability merely because the party with whom the agent dealt had a means of
discovering the agent’s representative capacity.  Id. at 262.  The test of disclosure is the other party’s
knowledge, or reasonable grounds to know of the principal's existence or
identity, irrespective of the source from which the other party obtains
it.  Id.; see Burris,
714 S.W.2d at 435.  The other party’s actual
knowledge of the principal, not just the other party’s suspicion, is the
test.  Burris, 714 S.W.2d
at 435.  

            However, in making this
determination, we must look at the time the contract was entered into.  Burch, 56 S.W.3d at 262; see Lacquement
v. Handy, 876 S.W.2d 932, 940 (Tex. App.–Fort Worth 1994, no
writ).  Knowledge of the real position of
affairs acquired after a cause of action has accrued cannot affect the right to
recover from the agent personally on a contract.  Burch, 56 S.W.3d at 262; see
Dodson v. Peck, 75 S.W.2d 461, 463 (Tex. Civ. App.–Amarillo 1934,
writ dism’d w.o.j.).

            Premier argues that the trial court
properly disregarded the jury’s responses to Questions 9 and 9A because there
is no evidence that Lake disclosed to Premier during contractual negotiations
that the principal, ETPM, was a corporation. 
We are not aware of a case specifically holding that in order to
properly identify a corporate principal, whose name is otherwise the same but for
the abbreviated corporate designation “Inc.,” a corporate agent must use the
corporate designation.  Nonetheless, we
hold that such is a reasonable conclusion. 
With regard to their liability on corporate contracts, officers of
corporations are in the same position as agents of private individuals.  See Burch, 56 S.W.3d at
261.  Disclosure of a principal is
incomplete unless the principal is identified by name.  Id. at 261.  Further, a trade name is not
sufficient identification to satisfy the disclosure requirements.  Id. at 261–62.  Moreover, it is statutorily required that the
name of a Texas corporation contain the word “corporation,” “company,” or “incorporated,”
or an abbreviation of one of such words. 
See Tex. Bus. Corp. Act
Ann. art. 2.05A(1) (Vernon Supp. 2006). 
Finally, it is conceivable that a party contracting with a corporate
agent who disclosed a business as a principal without noting a corporate
designation in the principal’s name could reasonably assume that he was doing
business with an individual operating under an assumed name.

            We have reviewed the record in its
entirety.  There is some evidence that
Lake was involved in the negotiations with Premier.  However, there is no evidence of record that
Lake, on or about July 11, 2002, disclosed to Premier that he was acting
on behalf of the principal, East Texas Property Management Services, Inc.  Therefore, we hold that the trial court
correctly disregarded the jury’s findings to Questions 9 and 9A.  Lake’s first issue is overruled.

 

Findings to Support Judgment of Individual
Liability

            In his second issue, Lake argues
that the jury’s response to Questions 9 and 9A notwithstanding, Premier failed
to obtain findings necessary to support a judgment against him
individually.  Where the party with the
burden of proof on an issue fails to obtain affirmative answers to jury
questions as to necessary elements of that issue, he waives the issue.  See Sw. Bell Tel. Co. v. Delanney, 809
S.W.2d 493, 495 (Tex. 1991).  

            In the instant case, the jury was charged
as follows:

 

Question Number 1

 

Did Premier Transportation and James Leslie Lake
and/or East Texas Property Management, Inc. agree that Premier Transportation
would be timely paid for services consisting of labor and materials, provided
by Premier Transportation at the request of James Leslie Lake and/or East Texas
Property Management, Inc.?

 

                                Answer
separately for each of the following (Answer “Yes” or “No”)

 

                ANSWER:

 

                                A.            James Leslie Lake                                               ___________________

                                B.            East Texas Property Management, Inc.         ___________________

 

 

                                ....

Question Number 1A

                                Did
James Leslie Lake fail to comply with the agreement?  (Answer “Yes” or “No”)

                ANSWER:            _________________

 

                                ....

                

Question Number 4

                Did
Premier Transportation perform compensable work for James Leslie Lake and/or
East Texas Property Management, Inc.?

 

                                ....

 

                ANSWER:

 

                                A.            James Leslie Lake                                               ___________________

                                B.            East Texas Property Management, Inc.         ___________________

 

In response to
Question 1, the jury answered “Yes” with regard to both Lake and ETPM.  The jury’s response to Question 1A was
likewise affirmative.  Furthermore, as to
Question 4, the jury responded “Yes” with regard to both Lake and ETPM. The
essential elements of a breach of contract action are  (1) the existence of a valid contract; (2)
performance or tendered performance by the plaintiff; (3) breach of the
contract by the defendant; and (4) damages sustained by the plaintiff as a
result of the breach.  Valero Marketing
& Supply v. Kalama Intern., 51 S.W.3d 345, 351 (Tex. App.–Houston
[1st Dist.]  2001, no pet.).  By its response to Questions 1, 1A, and 4,
the jury found that (1) Lake agreed that Premier would be timely paid for
services consisting of labor and materials provided by Premier at his request
and/or that of ETPM, (2) Premier performed compensable work[1] for Lake, and (3)
Lake failed to comply with this agreement. 


            Lake argues that he can be found
individually liable only by implying a finding of personal obligation.  However, there is no need to imply such a
finding because the jury expressly found Lake individually liable for breach of
contract.  

            Lake further argues that since
neither Question 1 nor Question 1A asked the jury to determine whether Lake was
acting individually or on behalf of ETPM or some other principal, the jury’s
verdict, when considered in its entirety including the disregarded findings,
indicates a conflict between the jury’s finding of liability as to both ETPM
and Lake.  Lake contends that the
entirety of the jury’s verdict indicates that the jury believed Lake was acting
as an agent on behalf of ETPM, thereby obligating ETPM to make payment.  With regard to Questions 1, 1A, and 4, issues
concerning the correctness of the charge questions, the propriety of the
submission, or the legal or factual sufficiency of the evidence is not before
us.  Thus, we focus our review only on
the issue of the alleged conflict of the jury findings of liability as to both
Lake and ETPM. 

            A complaint of conflicting jury
findings is not preserved for appellate review where the appellant does not
raise any contention concerning conflicting jury findings before the jury is
discharged.  See Springs Window
Fashions Div., Inc. v. Blind Maker, Inc., 184 S.W.3d 840, 865 (Tex.
App.–Austin 2006, pet. granted, remanded by agreement); Wentz v. Austin,
No. 02-05-00026-CV, 2005 WL 3343727, at *2 (Tex. App.–Fort Worth Dec. 8, 2005,
no pet.) (mem. op., not designated for publication); Norwest Mortgage,
Inc. v. Salinas, 999 S.W.2d 846, 865 (Tex. App.–Corpus Christi 1999,
pet. denied); Isern v. Watson, 942 S.W.2d 186, 191 (Tex. App.–Beaumont
1997, writ denied); Ciba-Geigy Corp. v. Stephens, 871 S.W.2d 317,
324 (Tex. App.–Eastland 1994, writ denied) (op. on reh’g).

            We initially note that Lake’s
argument that there are conflicting jury findings originated after the trial
court disregarded the jury’s responses to Questions 9 and 9A.  Thus, Lake could not have been expected to
object prior to the jury’s being discharged because the trial court had not yet
determined that the findings should be disregarded.  Nonetheless, Lake was still required to
preserve error with regard to his contention that certain of the jury’s findings
are in conflict with one another.  Id.  Texas Rule of Appellate Procedure requires
that a party present a specific and timely objection to preserve error for
appellate review.  See Tex. R. App. P. 33.1(a).   To be considered timely, an objection must
be specific enough to enable the trial court to understand the precise nature
of the error alleged and interposed at such a point in the proceedings so as to
enable the trial court the opportunity to cure the error alleged, if any.  See Beall v. Ditmore, 867
S.W.2d 791, 795 (Tex. App.–El Paso 1993, writ denied).  Moreover, the objection must comport with the
argument made on appeal.  See Phippen
v. Deere & Co., 965 S.W.2d 713, 716 (Tex. App.–Texarkana 1998, no
writ).  In the instant case, Lake had
several opportunities following the trial court’s decision to disregard jury
findings to raise the issue of conflicting jury findings, but failed to do
so.  Thus, we hold that Lake has waived
the error, if any, of which he now complains. 
Lake’s second issue is overruled.

 

Double Recovery of Damages

            In his third issue, Lake argues that
allowing Premier to recover against both him and ETPM amounts to an
impermissible double recovery.  As a
prerequisite to presenting a complaint for appellate review, the record must
show that the complaint was made to the trial court by a timely request,
objection, or motion and that the trial court ruled on the request, objection,
or motion either expressly or implicitly; or refused to rule on the request,
objection, or motion, and the complaining party objected to the court’s refusal
to rule.  See Tex. R. App. P. 33.1(a).  A complaint that an award violates the “one
satisfaction rule” is subject to the requirements of Rule 33.1.  See, e.g. Andrews v. Sullivan,
76 S.W.3d 702, 708 (Tex. App.–Corpus Christi 2002, no pet.); Johns v.
Ram-Forwarding, Inc., 29 S.W.3d 635, 638 (Tex. App.–Houston [1st Dist.]
2000, no pet.).      

            In the case at hand, the record does
not indicate that Lake made any objection that the trial court’s award of
damages to Premier amounted to an impermissible double recovery.  Therefore, we hold that Lake has waived any
such error.  Lake’s third issue is
overruled.[2]

 

Disposition

            Having overruled Lake’s first, second,
and third issues, we affirm the trial court’s judgment.

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

Opinion delivered October 31,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)











[1] In the court’s charge, the jury was instructed that “[o]ne party
performs compensable work if valuable services are rendered or materials
furnished for another party who knowingly accepts and uses them and if the
party accepting them should have known that the performing party expects to be
paid for the work.”





[2] Having overruled Lake’s first, second, and third issues, which related
to Premier’s breach of contract claim, we need not reach Lake’s fourth issue
challenging the jury’s finding of liability based on quantum meruit.  See Gentry v. Squires Const., Inc.,
188 S.W.3d 396, 402–03 (Tex. App.–Dallas 2006, no pet.) (recovery under a theory
of quantum meruit is prohibited if an express contract covers the services or
materials for which claimant seeks recovery).