**AFFIRM; and Opinion Filed July 30, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-12-00565-CV**

**JASON L. GRAMAN AND MARTIN GRAMAN, Appellants**
**V.**
**IBP RETAIL NO. 5, L.P., Appellee**

**On Appeal from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-00508-2010**

# MEMORANDUM OPINION

Before Chief Justice Wright, Justice FitzGerald, and Justice Lewis
Opinion by Justice Lewis

Jason L. Graman and Martin Graman appeal the trial court's judgment, complaining of the trial court's grant of summary judgment and award of attorney's fees. We conclude the dispositive issues before us are clearly settled in law. Accordingly, we issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4. The factual nature of this case, as well as its procedural history, pleadings, and evidence are known to the parties. Therefore, we do not recount these matters in detail. We affirm the trial court's judgment.

## Background

Appellee IBP Retail No. 5, L.P. ("IBP") owned a shopping center in Collin County. It leased space for a restaurant in that shopping center to Pizza Associates West Plano, LLC ("Pizza Associates"). Jason Graman executed the lease for Pizza Associates as its president. Both Jason and Martin Graman executed a written guaranty, "guarantee[ing] the payment and

performance of all Tenant Finish Allowance and Leasing Commissions . . . for the first thirty-six months of the Lease term." Both the lease and the guaranty provided that if IBP employed an attorney to enforce its rights under the guaranty, the prevailing party would recover its reasonable fees incurred. The parties amended the lease twice; the parties dispute the reasons for the amendments. However, it is undisputed that Pizza Associates had not complied with the amended lease by taking possession of the leased premises, completing its contractual improvements on the property, or paying what it owed IBP as of December 10, 2008. On that date, after giving notice, IBP terminated the lease.

IBP initially sued Pizza Associates for breach of the lease and sued the Gramans pursuant to their guaranty. IBP filed a traditional motion for summary judgment on those claims. The Gramans filed a response; Pizza Associates did not. The trial court granted IBP's motion in its entirety. IBP then dismissed its later-added claim against Jason Graman individually, making the summary judgment final. The Gramans appealed; Pizza Associates did not.

## Summary Judgment on the Guaranty

In their first issue, the Gramans contend the trial court erred in granting summary judgment against them because material fact issues exist on the elements of breach of the lease and the affirmative defense of mitigation of damages by IBP. The standard of review for a traditional summary judgment is well established. *See* TEX. R. CIV. P. 166a(c); *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). The movant for summary judgment has the burden of proving all essential elements of its cause of action or defense as a matter of law. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). We review the trial court's summary judgment decision de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

The summary judgment evidence in this case establishes that IBP holds a guaranty of payment from the Gramans.[1] That guaranty essentially creates an obligation to pay according to the terms of the guaranty if the obligor fails to pay. *First Union Nat'l Bank v. Richmont Capital Partners I, L.P.*, 168 S.W.3d 917, 924 (Tex. App.—Dallas 2005, no pet.). Stated differently, the guaranty of payment is ancillary to the underlying lease. *See id.* Therefore, the rights and obligations of the guarantor are resolved by determination of the rights and obligations of the parties to the lease. *See id.* In this case, the rights and obligations under the lease have been determined as a matter of law in IBP's favor, because (a) the trial court granted summary judgment against Pizza Associates, and (b) Pizza Associates failed to appeal that summary judgment. *See Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 446 (Tex. 1989) (party's failure to appeal renders judgment against it final as to issue decided in judgment).

Because the judgment finding breach of the lease by Pizza Associates is final, the Gramans' complaints in this Court must be limited to the validity or scope of their guaranty, i.e., to their obligation to pay for Pizza Associates. But the Gramans have not raised any issue related to their obligation to pay under the guaranty. Instead, their arguments are limited to complaints about IBP's conduct related to the lease. They contend IBP waived Pizza Associates' breach and that IBP would have suffered no loss if it had accepted Pizza Associate's post-termination offer to cure. Pizza Associates' liability—and IBP's resulting right to recover—are settled. The Gramans cannot avoid their own liability under the guaranty by questioning that settled underlying liability under the lease. We conclude the Gramans have not raised a viable challenge to the trial court's summary judgment against them.

We overrule the Gramans' first issue.

---

[1] The guaranty states, "This Guaranty is a guaranty of payment and performance, not a guaranty of collection."

**Attorney's Fees**

In their second issue, the Gramans argue the trial court erred in awarding IBP its attorney's fees because IBP had not segregated its fees between claims for which fees are recoverable and those for which fees are not recoverable. Specifically, the Gramans contend IBP should have segregated fees between the claims covered by its motion for summary judgment and the claim not covered by its motion.

The grounds of the motion included breach of the lease by Pizza Associates and breach of the guaranty by the Gramans. IBP pleaded an additional alternative claim for breach of the lease by Jason Graman individually. Earlier in the litigation, Pizza Associates had filed an amended answer denying that it possessed the legal capacity to be sued, that it was liable in the capacity in which it was sued, and that it was an LLC as alleged. According to Pizza Associates, the basis for these denials was that it "was never formed because its name was rejected by the Texas Secretary of State." In response to this amended answer, IBP supplemented its breach-of-lease claim to plead that if Jason Graman executed the lease on behalf of a non-existent, fictitious entity, then he was personally liable for all amounts due under the lease. After the trial court granted IBP's motion for summary judgment, IBP non-suited this remaining claim to make the judgment final.

The need to segregate fees is a question of law that we review de novo. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 312 (Tex. 2006). The general rule, as the Gramans contend, is a claimant must show its fees were incurred while suing the defendant on a claim that allows recovery of such fees. *Id.* Most cases addressing this issue involve a combination of claims sounding in contract and tort, so that some claims provide for recovery of fees and some do not. But we conclude that all of IBP's claims are contract claims that provide for recovery of attorney's fees. Both the lease and the guaranty provide for recovery of attorney's fees by the

–4–

party prevailing in litigation related to those contracts. The Gramans do not challenge IBP's right to recover its fees incurred in litigating the breach-of-lease suit against Pizza Associates or the breach-of-guaranty claim against the Gramans. However, the non-suited claim against Jason Graman was also pleaded as a breach-of-contract claim, and if it had been tried, it would have been tried in terms of his liability under the lease. *See generally A to Z Rental Ctr. v. Burris*, 714 S.W.2d 433, 436 (Tex. App.—Austin 1986, writ ref'd n.r.e.) ("[O]ne who contracts as an agent in the name of a nonexistent or fictitious principal, or a principal without legal status or existence, renders himself personally liable on those contracts."); *Patel v. Whiteco Indus., Inc.*, No. 05-90-01419-CV, 1991 WL 134576, at *4 (Tex. App.—Dallas July 23, 1991, no pet.) (not designated for publication) (same). We conclude IBP was not required to segregate its fees, because all of the claims it was litigating provided for the recovery of attorney's fees.

We overrule the Gramans' second issue.

## Conclusion

We affirm the trial court's judgment.

/David Lewis/
DAVID LEWIS
JUSTICE

120565F.P05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

| | |
|---|---|
| JASON L. GRAMAN and MARTIN GRAMAN, Appellants | On Appeal from the 199th Judicial District Court, Collin County, Texas |
| | Trial Court Cause No. 199-00508-2010. |
| No. 05-12-00565-CV    V. | Opinion delivered by Justice Lewis.  Chief Justice Wright and  Justice FitzGerald |
| IBP RETAIL NO. 5, L.P., Appellee | participating. |

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee IBP RETAIL NO. 5, L.P. recover its costs of this appeal from appellants JASON L. GRAMAN and MARTIN GRAMAN.


Judgment entered this 30th day of July, 2013.


/David Lewis/
DAVID LEWIS
JUSTICE