

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00247-CV
_____

WESLEY WEBB, APPELLANT

V.

DYNAMIC JMC BUILDERS, LLC, APPELLEE

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2019-536,651, Honorable Les Hatch, Presiding

June 27, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

Appellant, Wesley Webb, challenges the trial court's judgment in favor of appellee, Dynamic JMC Builders, LLC ("JMC"), in JMC's suit against Webb for breach of a construction contract. We affirm.

### BACKGROUND

Webb is a managing member of Mac's BBQ Partners Catering, LLC. Mac's BBQ Partners Catering, LLC, is owned by Mac's BBQ Partners, LLC, which itself is owned by

five individuals, including Webb.  The Mac's entities own Mac's BBQ restaurants in Brady and Midland.  Webb met Jeff Coomer, the owner and operator of JMC, in 2001.  Coomer's construction company specializes in metal work.  In October of 2017, the Mac's group was planning to open a Lubbock location.  Webb called Coomer and told him he was doing a project in Lubbock.  He asked if he could borrow some equipment for the job.  Coomer agreed, telling Webb to take what he needed from Coomer's work trailer.  A few days later, Webb invited Coomer to visit the restaurant space.  Webb then asked Coomer for some "manpower to come help him move some stuff around," and Coomer sent workers to assist.  Webb was staying at Coomer's house at the time and had noticed some of his custom-built furniture and fixtures.  He asked Coomer if he could build tables and chairs for the restaurant, which Coomer agreed to do, even though it was not the type of work he usually did.  From there, the project "just kept snowballing" to the point that JMC was handling the remodel of the restaurant space.  The parties never entered a written contract for the project.

JMC completed the remodel in February or March of 2018.  Coomer sent an invoice for the job to Webb around the end of March or beginning of April.  Coomer continued to request payment from Webb, but payment was not forthcoming.  He filed a contractor's affidavit claiming a mechanic's lien in June of 2018.  In August of 2019, JMC filed suit against Webb individually for breach of contract for the outstanding balance of $104,030.47.  After a bench trial, the trial court awarded $104,030.47 in actual damages and $51,922.99 in attorney's fees, along with conditional appellate attorney's fees.  This appeal followed.

**ANALYSIS**

Webb's Liability on the Contract

In his first issue, Webb argues that the evidence is legally or factually insufficient to support the trial court's judgment and findings that he acted in his individual capacity or was a party to a contract with JMC. Webb contends that JMC and Coomer knew and acted as if Mac's BBQ Partners Catering, LLC, not Webb, was the contracting party. He claims that there was no meeting of the minds about forming a contract between JMC and Webb individually.

To determine whether legally sufficient evidence supports the judgment, we look at all of the evidence admitted and determine whether, after disregarding all evidence that a reasonable trier-of-fact could disregard, more than a scintilla of evidence supports the judgment. *City of Keller v. Wilson*, 168 S.W.3d 802, 827–28 (Tex. 2005). To determine the factual sufficiency of the evidence, we examine all of the evidence, and we will set aside the judgment only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). We are mindful that it is for the factfinder to assess the credibility of the witnesses' testimony, assign the weight to be afforded that testimony, and to resolve inconsistencies within or conflicts amongst the testimony. *City of Keller*, 168 S.W.3d at 819–20.

In order for an agent to avoid personal liability on a contract, he must disclose that he is acting in a representative capacity. *A to Z Rental Ctr. v. Burris*, 714 S.W.2d 433, 435 (Tex. App.—Austin 1986, writ ref'd n.r.e.) (per curiam). If the principal remains undisclosed, or if it is known that a person is acting as agent but the principal's identity is

3

not disclosed, the agent is a party to the contract. *Id.* The agent has the duty to disclose not only that he is acting in a representative capacity but also the identity of his principal; the party with whom the agent deals has no duty to discover the principal. *Id.* Moreover, the agent has the duty to disclose the name of his principal, not just the principal's assumed or trade name. *Burch v. Hancock*, 56 S.W.3d 257, 261–62 (Tex. App.—Tyler 2001, no pet.). "Uncommunicated intent will not suffice." *Seale v. Nichols*, 505 S.W.2d 251, 255 (Tex. 1974). The inference that the agent is a party to the contract exists until the agent gives such complete information concerning the principal's identity that the principal can be readily distinguished. *Burris*, 714 S.W.2d at 433. An agent cannot claim immunity from personal liability merely because the party with whom the agent dealt had a means of discovering the agent's representative capacity. *Burch*, 56 S.W.3d at 262.

In this case, the record reflects that Webb asked Coomer, a personal friend, to provide tools, then manpower, and eventually to take on the whole remodeling project for the restaurant space. Coomer testified that Webb personally reached out to him and that it was Webb who authorized the work. Coomer claimed no actual knowledge that Webb was acting as an agent of Mac's, stating, "I don't have anything to do with Mac's. Wes hired me." Coomer testified that he did not talk to anyone else whom he knew to be affiliated with Mac's in 2017.

At trial, Webb acknowledged that he did not tell Coomer outright that he was acting on behalf of Mac's BBQ Partners Catering, LLC, during the project. However, Webb testified that Coomer "knew," stating, "I mean, he understood that, because he – he knows I have partners . . . ." Webb further emphasizes that the lease agreement for the property identified Mac's as the tenant, that the landlord paid $10,000 toward the project, and that

4

when JMC filed its lien in June of 2018, Coomer identified "Macs BBQ Partners, LLC/Macs BBQ Partners Catering, LLC" as the contracting party. Webb argues that JMC both "knew from inception" it was contracting with Mac's BBQ Partners Catering, LLC, and had reasonable means of ascertaining the identity of Webb's principal.

We find Webb's argument that Coomer knew or "should have known" he was contracting with Mac's unavailing. One who acts as an agent for another when making a contract must disclose the agency capacity and identify the principal in order to avoid personal liability on the contract. *See Harco Energy, Inc. v. The Re-Entry People, Inc.*, 23 S.W.3d 389, 392–93 (Tex. App.—Amarillo 2000, no pet.). Webb did not make such a disclosure to Coomer. Based on the record before us, it is not unreasonable to conclude that Coomer did not know or have reasonable grounds to know that Webb was acting as an agent of Mac's BBQ Partners Catering, LLC. Moreover, as for JMC's acceptance of payments from sources other than Webb himself, Coomer testified it is not uncommon in the construction business to be paid by entities other than the actual client. As for JMC's filing of a lien against entities other than Webb, that fact does not relate to the time the agreement was entered into and is therefore not proper for our consideration.[1] *See Burch*, 56 S.W.3d at 263; *see also Dodson v. Peck*, 75 S.W.2d 461, 463 (Tex. Civ. App.—Amarillo 1934, writ dism'd w.o.j.) (knowledge of affairs acquired after cause of action has accrued cannot affect right to recover from agent personally on contract). We conclude that the evidence is legally and factually sufficient to support the trial court's finding that Webb acted in his individual capacity.

---

[1] Further, we note that the lien identifies both "Macs BBQ Partners, LLC/Macs BBQ Partners Catering, LLC," suggesting some uncertainty as to which Mac's entity was Webb's principal.

5

Further, we reject Webb's argument that JMC failed to prove the existence of a contract because JMC did not prove a meeting of the minds between JMC and Webb that Webb was individually a party to a contract. A "meeting of the minds" is not an independent element of a valid contract, but rather a subpart of the offer and acceptance elements. *Domingo v. Mitchell*, 257 S.W.3d 34, 40 (Tex. App.—Amarillo 2008, pet. denied). It refers to the parties' mutual understanding and assent regarding the subject matter and the essential terms of the agreement. *Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 318 (Tex. App.—Houston [1st Dist.] 2010, pet. denied). If evidence of the parties' mutual agreement consists of their conduct and course of dealing with one another, their mutual agreement may be inferred from the circumstances. *Domingo*, 257 S.W.3d at 40. The determination of whether there was a meeting of the minds is based on objective standards of what the parties said and did, not on their subjective states of mind. *Sadeghi v. Gang*, 270 S.W.3d 773, 776 (Tex. App.—Dallas 2008, no pet.). Having reviewed the record, we find it contains sufficient evidence to establish a meeting of the minds between Webb and Coomer that Webb would pay JMC to complete the remodel project. Webb's unexpressed subjective intention not to bind himself does not override the objective manifestations of the parties.

Therefore, we conclude that the evidence supports the trial court's finding that Webb acted in his individual capacity. Webb's first issue is overruled.

Denial of Motion to Exclude Expert Testimony

By his second issue, Webb contends that the trial court abused its discretion by denying his pretrial motion to exclude expert testimony. We review a trial court's ruling on the admission of expert evidence for abuse of discretion. *Innovative Block of S. Tex.,*

*Ltd. v. Valley Builders Supply, Inc.*, 603 S.W.3d 409, 423 (Tex. 2020).  We will uphold the ruling if it is supported by any legitimate basis appearing in the record.  *Azle Manor, Inc. v. Patterson*, No. 02-15-00111-CV, 2016 Tex. App. LEXIS 13616, at *25 (Tex. App.—Fort Worth Dec. 22, 2016, pet. denied) (mem. op.).  Unless the trial court acted without reference to any guiding rules or principles, its decision must stand.  *Id.*

Qualified experts may offer opinion testimony if that testimony is both relevant and based on a reliable foundation.  *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 499 (Tex. 2001).  If a motion to exclude expert testimony is filed, the party offering the expert testimony bears the burden of showing that the testimony is admissible.  *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 557 (Tex. 1995).

JMC designated Coomer as an expert witness "in the areas of construction and fees charged in the field designated."  Before trial, Webb filed a motion to exclude Coomer from testifying as an expert regarding JMC's damages, particularly as to the reasonableness of the charges for the work that was performed.[2]  JMC did not file a response to Webb's motion but made its response orally at the hearing on the motion, which the trial court expressly allowed and to which Webb did not object.

Webb's motion, while couched in terms of reliability, was in fact a challenge to Coomer's credibility and conclusions.  For example, Webb claimed that statements made in Coomer's deposition conflicted with statements attested to in affidavits.  Webb argued broadly that "general contractor work inherently lacks reliability."  Webb maintained that

---

[2] Although he challenges Coomer's testimony regarding damages in his brief, Webb testified at trial, "[W]e're disputing who the lawsuit is against.  We're not disputing the bill."

7

Coomer's opinions were not reliable because, as the owner of JMC, he is biased, and because he "changed his testimony."

There is a difference between the reliability of expert evidence and the credibility of expert evidence, which is an issue for the jury. *Id.* at 558. The court's task is not to determine whether the expert's conclusions are correct, but whether the analysis the expert used to reach those conclusions is reliable and therefore admissible. *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 239 (Tex. 2010). Given the nature of Webb's motion to exclude, we do not find that the trial court's denial of the motion constituted an abuse of discretion. Webb's second issue is overruled.

Attorney's Fees

Webb's final issue asserts that the evidence is legally and factually insufficient to support the trial court's judgment and findings on attorney's fees. The trial court found that JMC accrued reasonable and necessary attorney's fees in the amount of $51,922.99 through trial and would incur additional reasonable and necessary attorney's fees in the amounts of $7,500 and $10,500 for appeals to this Court and the Texas Supreme Court, respectively.

We review an award of attorney's fees for an abuse of discretion. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012). When reviewing a trial court's award of attorney's fees, we must ensure the record contains sufficient evidence to support the award. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 505 (Tex. 2019). The party seeking attorney's fees has the burden of proof. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020). The starting point consists of

8

"determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Rohrmoos*, 578 S.W.3d at 498. "Sufficient evidence includes, at a minimum, evidence of (1) particular services performed, (2) who performed those services, (3) approximately when the services were performed, (4) the reasonable amount of time required to perform the services, and (5) the reasonable hourly rate for each person performing such services." *Id.*

Webb's first complaint regarding attorney's fees is that there is no evidence that the hourly rate charged by one of JMC's attorneys was reasonable or necessary. His second is that there is legally or factually insufficient evidence of the particular services performed, who performed those services, when they were performed, or the reasonable amount of time required to perform them.

JMC was represented at trial by two attorneys who work at the same firm. One attorney testified that he has been in practice in the Lubbock area since 1999 and is familiar with contractor claims such as those at issue in this case. He testified that he is familiar with typical attorney's billing practices in such cases and that he was "very much on par with other attorneys of our experience" in charging $300 per hour. He testified that the $300 hourly rate is customary and reasonable for such cases in Lubbock County. The records admitted into evidence reflect that both attorneys charged the rate of $300 per hour. He did not provide testimony specifically related to the other attorney's experience. There were no other timekeepers reflected on the bills.

The trial court admitted into evidence records reflecting the work performed by both of JMC's attorneys from August of 2019 through the trial in May of 2022. The entries

9

show the time quarter when work was completed, descriptions of the work completed, and hours spent on the work per quarter; however, they do not indicate the exact time spent on each discrete task. The testifying attorney stated that they put in 162 hours at the $300 hourly rate and also incurred expenses, which hours and expenses were reasonable and necessary, for a total bill of $51,922.99. Webb presented no contravening evidence and did not challenge JMC's evidence regarding the reasonableness and necessity of its attorney's fees. He does not point to any item on the bill which he argues was unreasonable or unnecessary.

Having reviewed the record in the light most favorable to the judgment, we conclude that there was legally and factually sufficient evidence to support the trial court's award of attorney's fees. The attorney's testimony and billing statement constitutes some evidence in support of the trial court's award, satisfying the legal sufficiency requirement. *See McMahon v. Zimmerman*, 433 S.W.3d 680, 694 (Tex. App.—Houston [1st Dist.] 2014, no pet.). And while the evidence on attorney's fees could have been more extensive, we cannot say that the trial court's award is so clearly wrong or manifestly unjust to require reversal for factual insufficiency. *Id.* Accordingly, we overrule Webb's third issue.

## CONCLUSION

Having decided all of Webb's issues against him, we affirm the judgment of the trial court.

Judy C. Parker
Justice

10